JACKSON, *ex dem.* J. B. CLARK, *against* MORSE.

THIS was an action of ejectment, brought to recover seven acres of land in the south west corner of lot No. 6, in the gore, in the town of *Oxford;* and was tried at the *Chenango* circuit, in *June* last, before Mr. Chief Justice *Spencer.*

The plaintiff gave in evidence a deed to him, from *A. M'Intyre,* the comptroller, dated the 20th of *December,* 1817; it appeared, that the premises in question were sold to the lessor of the plaintiff, at auction, by the comptroller, pursuant to the act for the assessment and collection of taxes, passed the 5th of *April,* 1813, for the non payment of *taxes,* in the years 1811, and 1812.

The defendant proved his title for the south part of lot No. 6., including the premises in question; and that the *taxes* assessed on the land for 1811, and 1812, were duly paid to the *collector* of the town of *Oxford.* The plaintiff's counsel objected to the defence; but the Chief Justice charged the jury, that it appearing, that the taxes for 1811, and 1812, on the land, including the premises in question, were duly paid, the sale by the comptroller was unauthorized; and his deed was, therefore, invalid; and that the defence was good. The jury, accordingly, found a verdict for the defendant.

A motion was made to set aside the verdict, and for a new trial.

*Clapp,* for the plaintiff.

*Vanderlyn,* for the defendant.

A sale of land, by the comptroller, for taxes, is of no validity, if the *taxes* were, in fact, paid to the collector; and the deed executed by the comptroller to the purchaser, conveys no title.

The right, or authority to sell, under the act, (sess. 36. ch. 32. 2 *N. R. L.* 509) is founded on the *non-payment* of the tax; and the returns made to the comptroller are not *conclusive evidence* of that fact; though sufficient to justify him, in the discharge of his duty, as a public officer, in making the sale.

A purchaser of lands, sold at public auction, for the non-payment of taxes, acquires only a *contingent* title, which is liable to be defeated, by proof of the fact, that the *tax* (for which the land was sold) was paid before the sale.

ALBANY,
January, 1821.

JACKSON
v.
MORSE.

WOODWORTH, J. delivered the opinion of the Court. The premises in question having been sold and conveyed to the lessor of the plaintiff by the comptroller, for the non-payment of taxes, charged in the years 1811, and 1812, and the defendant having proved, on the trial, that *the said taxes* had been paid to the collector of *Oxford*, in each of those years, the question to be decided is, whether any title was acquired by the plaintiff's purchase ?

The sale was made in consequence of a return, that the whole of lot No. 6. was chargeable with the tax. This was a mistake of the assessors ; *for that part of the lot, including the premises*, had been assessed separately, and the taxes paid.

The comptroller was justified in selling, for *he* must be governed by the returns before him ; the conveyance will be conclusive evidence that the sale was regular.

The statute declares that the conveyance shall vest an absolute estate *in fee simple* in the purchaser ; which it does, if the tax has not been paid ; but if it has been paid, then no estate passes by the sale, for the statute intended to divest the title of the former owner, for non-payment of the tax, and *for that only ;* and it must be so construed. The title acquired by the purchaser is contingent, so far as it may be affected by establishing the fact that the tax had been paid before the sale was made. This is an implied condition annexed to every grant of this kind, founded on a sound construction of the law, with which the purchaser is presumed to be acquainted ;—he purchases subject to this risk, and if his title is defeated, he must look to the state for the relief which such a case requires. By the 17th section of the act, (2 *N. R. L.* 515.) the tax laid is declared to be a lien on the land ; and, if not paid within a certain time, the comptroller is authorised to sell. The right to sell is founded upon the fact of non-payment ; the returns made to the comptroller are not conclusive *evidence of the fact*, but only *prima facie*, and such as will justify him, as an officer, in the discharge of his duty. The *validity* of the sale and conveyance are necessarily to depend on the contingency of non-payment ; when this is drawn in question, it is competent to prove payment, and by so doing, no rule of law is violated ;

it is not permitting parol evidence to impugn or destroy a written contract, but is consistent with the deed; and if the deed is thereby defeated, it arises upon the proof of a fact, upon which, by law, the operation of the deed was made to depend, at the time it was executed.

The principle laid down in the case of *Stead's Executors* v. *Course*, (4 *Cranch*, 403.) applies to the present case. The question was, whether the collector had acted in conformity to the law from which his power was derived, and it was decided, that it was incumbent on the vendee to prove the authority to sell. The Court say, " it would be going too far to say, that a collector, selling land with, or without authority, could, by his conveyance, transfer the title of the rightful proprietor."

I understand this, as applying not only to a case where the officer deviates from the course prescribed by the law, but, also, where he has acted regularly according to the facts before him ; yet, upon subsequent inquiry, it is ascertained, that the tax supposed to be due, and which alone authorizes a sale, has been satisfied.

Motion for a new trial denied.