NEW-YORK,
May, 1830.

Parsons
v.
Chamberlin.

## PARSONS vs. CHAMBERLIN.

The *six months* allowed for the renewal of an execution by a justice of the peace after his removal from office, are held to be *calender*, and not *lunar* months.

The expiration of the time for which a justice is appointed, is considered a removal within the meaning of the act, in respect to the renewal of executions.

Where there is nothing in a statute speaking of months, from which it can be inferred that *calender* and not *lunar* time was intended, the months will be considered lunar.

THIS was an action of false imprisonment, tried at the Seneca circuit in June, 1829, before the Hon. DANIEL MOSELY, one of the circuit jugdes.

The imprisonment complained of was an arrest on a justice's execution, which it was alleged had been illegally renewed. The judgment was rendered against the plaintiff here (the defendant below) on the 25th September, 1826; an execution was issued on the 14th November, 1826; the office of the justice *expired* on the 31st December, 1827; on the 28th April, 1828, the justice renewed the execution, and again on the 30th June, 1828, on which day the defendant below was arrested and committed to prison. The judge charged the jury that the six months allowed for the renewal of executions, after the expiration of the office of a justice of the peace, must be computed as *lunar*, and not as *calendar* months. The defendant excepted to the charge, and the jury found a verdict for the plaintiff for six cents damages and six cents costs.

A motion was made for a new trial.

*J. M'Allister*, for defendant.

*C. F. Clark*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. The only important question in this case is, whether the $50 act of 1824, in reference to this subject, means *calendar* or *lunar* months. The 22d section is as follows: " That it shall be lawful for any justice of the peace, who shall hereafter render any judg-

ment in any cause, and who shall, before the collection of the money due thereon, be removed from office, to issue an execution thereon at any time within six months after such removal; which execution shall, to all intents and purposes, be as valid and effectual as if such removal had not been made."

The expiration of the period for which a justice was appointed has in practice been considered a removal within the meaning of the statute, and justices out of office in any way have issued and renewed executions under a similar clause in former acts. The general rule as to the computation of time is, that when months are mentioned in a statute, *lunar* months are intended. (*Loring* v. *Halling*, 15 Johns. R. 120.) It was there held that the six months mentioned in relation to the foreclosure of mortgages are lunar months; but months in relation to promissory notes or bills of exchange are calendar, and not lunar. (1 Johns. Cas. 200.) In the statute, (1 R. L. 374,) relating to the foreclosure of mortgages, the court remarked there were no words to take the case out of the general rule. But in *Snyder* v. *Warren*, (2 Cowen, 518,) words were found in the statute which, in the opinion of the court, shewed that calendar months were intended. There, one year was mentioned as the time for the defendant to redeem, and then months being immediately after mentioned, they were construed to mean calendar months. In the statute under which the execution in this case was renewed, no calendar time is specially mentioned; but the days mentioned in relation to executions correspond merely to calendar time. Executions are to be issued within 30 or 90 days; and they are returnable within similar periods. There is reason, therefore, to believe that calendar time was intended. It is urged by the defendant's counsel also, that the court, in all their decisions upon statutes affecting debtor and creditor, have given a construction most favorable to the creditor. Hence, in the foreclosing a mortgage, the shortest time is adopted. Under the act allowing redemption, the longest time is adopted as most favorable to the redeeming creditor; and it is argued that by allowing the renewal at the latest period, the creditor is aided in collecting his demand. This reason is not avowed in

those decisions; but the court have taken the rule as they find it settled, that where there is nothing in a statute from which they can infer that calendar time was intended, the month must be considered a lunar one. But as the legislature never intended in fact a lunar month, the court have relied upon any circumstance inducing the belief that calendar time was in their contemplation.

In this case I think we may fairly infer that calendar time was meant, and am therefore of opinion that the execution justified the imprisonment. A new trial should be granted; costs to abide the event.