THE PEOPLE, on the relation of MOULTON, *vs.* THE MAYOR, &c. OF NEW-YORK.

Where a statute authorizes the corporation of a city to sell lands for taxes, and to execute a lease of the same to the purchaser if the owner neglects to redeem within a specified time, this court will not grant a *mandamus* requiring the execution of such lease, although the time for redemption has expired, where the corporation has failed to publish a notice required to be published *after the sale* and before the expiration of the time of redemption, calling upon the owner to come in and redeem.

When such notice is directed to be published at least six *months* before the expiration of the time of redemption, *calendar* and not *lunar* months will be intended to have been meant, when, in the same act and in reference to the same subject matter, *calendar time*, as years, months and weeks, are spoken of.

A *mandamus* lies where there is no other *remedy at law*, and it is no objection to the granting of it, that the party asking the aid of such process may resort to a *court of equity*, or that his adversary may be punished *criminally* for omitting to do the act to compel the performance of which the mandamus is asked for.

MANDAMUS case. The relator purchased a term of years in a portion of two lots in the city of New-York, on a *sale for taxes*, and obtained from the corporation of the city a *certifi-*

NEW-YORK,
May, 1833.

The People
v.
Mayor, &c. of
New-York.

cate of sale, bearing date 23d September, 1829. It is the duty of the corporation to give such certificate on such sale taking place, and at least *six months* before the expiration of two years after such sale, to cause an advertisement to be published at least once in each week for four weeks successively in two newspapers, that unless the lands sold are redeemed by a certain day, they will be conveyed to the purchaser. The statute. under which these proceedings were had further declares, that if the person claiming title *to the* lands shall *not, within two* years from the date of the certificate, pay to the street commissioner, for the use of the purchaser the sum paid by him, with interest at a certain rate, the mayor, &c. shall, at the expiration of the said two years, execute to the purchaser a lease of the lands sold, which lease it is declared shall be conclusive evidence that the *sale was regular* according to the provisions of the act, *Laws of* 1816, *p.* 114, § 2. The owner of the land did not *within two years* pay, &c. and the relator demanded his lease of the mayor, &c. who refused to execute the same on the ground that they had been forbidden by the owner of the land, who alleged that the statute had not been complied with, inasmuch as the notice required to be given to the owner *to come* in and pay had not been published *six months* before the expiration of the two years, the first insertion of the notice or advertisement in the state paper in respect to the sale not having taken place until the 26th March, 1831, which was not six *calendar* months previous to the 23d *September,* 1831, when the two years expired. This court awarded an alternative mandamus, and on the coming in of the return of the corporation, stating the above facts and that the allegation of the owner as to the publication of the notice was true, a peremptory mandamus was asked for.

*S. Sherwood,* for the relator. It was the duty of the corporation to execute the lease, and there being no other specific legal remedy of which the relator can avail himself, he is entitled to a *mandamus.* 6 *Wendell,* 559. 1 *id.* 324. 10 *Johns. R.* 484. 19 *id.* 262. 12 *id.* 414. 18 *id.* 242. Where a sheriff refused to execute a deed to a *redeeming creditor,* a mandamus was awarded, although the equity was doubtful, 1 *Cowen,* 512 ;

*vide etiam*, 6 *Cowen*, 512, and 1 *Cranch*, 137, 70. The excuse offered by the defendants, that they omitted their duty to the *owner* in not publishing the advertisement required by the statute, cannot affect the validity of the sale. Such advertisement is not a condition precedent; there was nothing in respect to it which imposed any duty upon the purchaser. It was the duty of the corporation to publish the notice, over whom the purchaser had no control, and his title is not by the statute made to depend upon the publication of the notice, but upon the non-payment of the money within two years. The publication of the notice is directory as to the corporation, and for the omission of their duty they may be answerable to the owner, but it cannot be, that by an omission of their duty subsequent to the sale, the rights of the relator can be defeated. The policy of the law is to uphold sales by public officers, and no omission, error or irregularity is suffered to defeat such sales; thus the total omission by a sheriff to advertise has been held not to affect a sale, 8 *Johns. R.* 361, nor will the reversal of a judgment affect it, 7 *Johns. R.* 535, nor the setting aside of an execution, 1 *Cowen*, 711, nor does the omission of a *sheriff* to file a certificate of sale prejudice the purchaser, 5 *Cowen*, 269. But it is contended that the requisitions of the statute were complied with; previous to the revised statutes, the word *month*, when used in a statute, was understood to mean a *lunar* and not a *calendar* month, unless there was something in the terms of the act designating calendar time, and accordingly it was adjudged that the publication of a notice on statute foreclosure of a mortgage for *six lunar months* was a compliance with the statute requiring a publication of six months, 15 *Johns. R.* 119 ; and if so, the notice in this case was sufficient. The *fifteen months* given a creditor to *redeem* the lands of his debtor sold under execution, have been adjudged to be *lunar* and not *calendar* months, 2 *Cowen*, 518, and there was good reason for such construction, as by so construing the act, the time of redemption was extended to *creditors*; but no such consequence can follow here ; the right of redemption is limited to two years from the date of the certificate of sale, and cannot be extended, whether the computation be according to calendar or lunar time.

NEW-YORK,
May, 1833.

The People
v.
Mayor, &c. of
New-York.

*R. H. Morris & R. Emmet,* for the corporation, insisted that the relator was not entitled to the remedy of mandamus, but should be driven to his action against the corporation ; for if the lease be executed, the owner is remediless, the statute declaring it conclusive of the regularity of the sale. To deprive an owner of his property under a tax sale, a purchaser, who may have given a mere trifle for a valuable estate, should be held to the strictest interpretation of the law under which he claims. The statute, beside limiting the time within which the redemption must be made, prescribes a notice to be given to the owner, which in this case has not been given. The rule of law that *months,* when used in a statute, shall be considered as *lunar* and not *calendar* time is harsh, and courts have uniformly strove against it, so that if from any expressions in the statute they could infer that calendar time was intended, they have always held that such was the meaning of the legislature. Thus, in the case referred to on the other side, from 2 *Cowen,* 518, the court say the second section of the act is in terms of calendar time ; it speaks of a *year* in which the debtor may redeem, and then the next section extends the time *three months* in favour of the creditor ; and so in another case the court seize upon the use of the word *days* in a statute, as an evidence of the intent of the legislature to speak of calendar time, 4 *Wendell,* 512. Here *weeks, months* and *years* occur. But whatever might heretofore have been the construction, the revised statutes have put this question at rest, by enacting that whenever the term *months* is used in a statute, it shall be construed to mean *calendar* and not *lunar* months, unless otherwise expressed, 1 *R. S.* 600, § 4 ; and although the certificate of sale was given previous to these statutes going into operation, the notice was subsequent, and is necessarily controlled by them.

*By the Court,* NELSON, J. It is contended that a mandamus is not the appropriate remedy in this case. The proposition is, I believe, universally true, that the writ of mandamus will not lie in any case where another legal remedy exists, and it is used only to prevent a failure of justice. By legal remedy is meant a remedy at law, and though the party

might seek redress in chancery, that of itself is not a conclusive objection to the application ; that may and should influence the court in the exercise of the discretion which they possess in granting the writ under the facts and circumstances of the particular case, but does not affect its right or jurisdiction. Nor does the fact that the party is liable to indictment and punishment for his omission to do the act, to compel a performance of which this writ is sought, constitute any objection to the granting of the writ. The principle which seems to lie at the foundation of applications for this writ and the use of it is, that whenever a *legal right* exists, the party is entitled to a *legal remedy*, and when all others fail, the aid of this may be invoked. 3 *Burr.* 1267. 1 *T. R.* 404. 3 *id.* 651. *Cowper*, 378, *per Buller, J.* 2 *Selw. Wheat. ed.* 316, 317. 4 *Bac. Abr. tit. Mandamus*, 496. 12 *Johns. R.* 415. 19 *id.* 259. 1 *Cowp.* 417. Applying these principles to the application before us, I can perceive no objection to it, so far as the *remedy* is in question. It is the only legal remedy to which the relator can resort to enforce his rights against the corporation.

The more important question however is, has the relator established before the court a legal right to the lease demanded by him ; and whether he has or not depends upon the meaning of the term *months* in the statute concerning the collection of taxes and assessments in the city of New-York, passed the 12th April, 1816. If it means a *lunar* month, the title is established ; if calendar, it fails. It is contended by the counsel for the relator, that conceding the sale to be irregular, he is still entitled to the lease, as the statute is only directory ; and several supposed analogous cases have been cited, as 8 *Johns. R.* 361, and 13 *id.* 97 ; but these cases relate to sales by sheriffs, where the purchaser is protected by statute against any irregularity in the proceedings of the officers. 1 *R. L.* 504, § 13, 14. 2 *R. S.* 369, § 40. 2 *R. L.* 517, § 17. 1 *R. S.* 412, § 81. 8 *Wendell*, 661. Were it not for the statute, the purchaser would be bound to shew the regularity of the sale under which he claims. In this case the authority of the corporation to *sell* and *convey* the land, in default of non-payment of the tax assessed, rests wholly upon the statute, and unless its provisions have been strictly complied with,

the purchaser would take no title under their conveyance, were it not for a provision in the act of 1816, making the lease conclusive evidence as to the regularity of the proceedings of the corporation on a sale of the premises embraced in it. Should we compel the execution of the lease, the purchaser's title might be protected ; but we are not inclined to exert this high power of the court to give strength and validity to a title which appears clearly defective upon the merits, and which, without this statutory support, cannot be sustained.

Does the word *months* in the statute mean *lunar* or *calendar* time ? The general rule which must be applied to this case (now altered by 1 *R. S. p.* 606, § 4,) is, that unless there is something in the statute indicating that the legislature intended *calendar* time, this term must be construed to mean a *lunar month,* within the cases of *Snider* v. *Warren,* 2 *Cowen,* 518, and *Parsons* v. *Chamberlain,* 4 *Wendell,* 512. I am of opinion there is enough in the statute authorizing such conclusion ; it allows to the owner of the land *two years* from the time of the sale, within which he may redeem, and requires the corporation to give public notice at least *six months* before the expiration of that period for four *weeks.* Now, as calendar time is used by the legislature in fixing the period for redemption, it is a just and reasonable inference that they intended to use it in fixing upon the division or point of time specifying the notice to be given to the owners to redeem. As the one period in express terms is *calendar time,* and the *six months* immediately succeed it, and were intended to include a part of it, it should be construed to mean the same, otherwise we must believe the legislature intended to fix the different periods by different calculations of time in the same breath, and on the same subject matter, and without any conceivable purpose.

Motion for peremptory mandamus denied.