## DOUGHTY vs. HOPE.

The presumption in favor of the performance of official duty is not conclusive, but may be overthrown by proof.

Where three assessors are authorized to estimate the expense of a public improvement in the city of New-York, and to assess the same upon the owners and occupants benefitted; an assessment signed by two of them affords presumptive evidence that the third assessor was present and acted in the business; but it may nevertheless be shewn that he was not consulted and did not act.

One of the assessors who signed the certificate is a competent witness to prove that the third assessor was not consulted.

A request to the judge to instruct the jury should rest upon undisputed facts or a hypothetical case. If the proposition submitted is incorrect in fact or in law, the

Doughty v. Hope.

judge may refuse to give the instruction, generally, and need not qualify such refusal by pointing out the erroneous part.

The ratification by the common council of the city of New-York, does not render valid a void assessment. To make out a valid title there must be a regular assessment, duly ratified.

Where property is taken under a statute authority, without the consent of the owner, the power must be strictly followed ; and if any material link is wanting, the whole proceeding will be void.

The publication of the *redemption notice* required after a sale for a tax or assessment, by *Stat.* 1816, *p.* 114, § 2, *as modified by Stat.* 1840, *p.* 274, § 10, must be fully completed before the commencement of the last six months of the two years succeeding the sale, and an omission in this respect will invalidate the purchaser's title.

The statutory declaration, that the lease given upon a sale for taxes or assessments in the city of New-York, " shall be conclusive evidence that the sale was regular," &c. (*Stat*, 1816, *p.* 115, § 2,) refers only to the *auction* and the *notice of sale*, and does not dispense with proof of the redemption notice.

Nor does a regular notice served after the execution of the lease pursuant to *Stat.* 1841, *p.* 211, § 3, and the certificate by the street commissioner required by § 7 of the same act, confirm the title, where the redemption notice has not been regularly published.

ON error from the supreme court. Doughty sued Hope in the court below in ejectment for a lot of land in the city of New-York ; and the cause was tried before EDMONDS, C. Judge, at the New-York circuit in October, 1846. The plaintiff gave in evidence an ordinance of the mayor and common council of the city of New-York, passed April 26, 1836, for setting curb and gutter stones in 125th street, and appointing Warner, Gaines and Secor, assessors, to make an estimate of the expense of conforming to the provisions of the ordinance, and to make a just and equitable assessment thereof among the owners and occupants of the houses and lots intended to be benefitted thereby. On the 28th of January, 1837, all three of the assessors took and subscribed the oath for the proper discharge of their duties. In September following an estimate and assessment was returned, which was signed by Warner and Gaines, two of the assessors ; and by which the lot in question was assessed to Isaac Adriance for the sum of $150,83. On the 4th of April, 1838, the assessment was confirmed by the common council. On the 20th of June, 1840, the lot was sold to the plaintiff, for a term of 800

years: and on the 20th of June, 1842, a lease was executed to the plaintiff in pursuance of the sale.

The plaintiff called Jacob S. Warner, one of the assessors, as a witness, who gave evidence tending to show that Secor, who had not signed the assessment, met with the other assessors, and agreed with them in the principle upon which the assessment was made. On cross-examination, the witness gave evidence tending to show that Secor had never acted with the other assessors in any matter relating to this assessment beyond taking the oath of office. The plaintiff objected to any evidence tending to show that all of the assessors had not acted; but the objection was overruled.

Prior to executing the lease, a redemption notice was published in a New-York daily paper, twice in each week, for six weeks successively. The publication was commenced on the 13th of December, 1841, and the last publication was made January 21st, 1842.

After the execution of the lease, and on the 6th of December, 1842, a notice was served on Adriance in pursuance of the act of 1841, sections 3 to 7, inclusive. (*Stat.* 1841, *p.* 211.) A like notice was on the 9th day of the same month, served on the defendant in this suit, who was in the occupation of the premises. On the 31st of July, 1843, the street commissioner gave the certificate provided for by the 7th section of the act of 1841.

The plaintiff requested the judge to charge the jury, that it appearing in evidence that the assessors had all taken the oath, and had adopted the principle of making the assessment, and were all in the street commissioners' office, when the assessment was made, though only two had signed the report, it was to be presumed that Secor, who did not sign it, met and consulted with those who did sign the report; and that such presumption would not be rebutted by any impression or non-recollection of the witness, Warner, as respects himself, or either of his co-assessors. The judge refused so to charge: but charged the jury that the legal presumption was, that the assessors had done their duty. He also refused to charge, that Secor alone could prove that he had not met and consulted with the other assessors.

And he left it to the jury to say, from the evidence, whether all the assessors met and consulted—telling them that the presumption was, that all had acted.

The plaintiff requested the judge to charge the jury, that the confirmation of the report of the assessors by the common council was binding and conclusive upon the owner and occupant of the premises in question; and that it was wholly unimportant to inquire, whether any irregularities had occurred in the proceedings of the assessors. The judge refused so to charge: and instructed the jury, that the confirmation was not so final and conclusive as to preclude the defendant from inquiring into the report of the assessors.

The judge refused to charge that the redemption notice was sufficiently published; and charged the jury, that the six weeks' publication should have been completed before the commencement of the last six months of the two years after the sale.

The judge refused to charge that the statutes on this subject were merely directory.

The plaintiff requested the judge to charge, that the lease was conclusive evidence of the regularity of the sale, and therefore the defendant could not avail himself of any defect in the publication of the redemption notice. The judge refused so to charge.

The plaintiff also requested the judge to charge, that the street commissioners' certificate given under the act of 1841, precluded the defendant from availing himself of any defect in the publication of the redemption notice. The judge refused so to charge: and charged, that the certificate was not conclusive evidence of the regularity of the redemption notice.

On all of these points there were exceptions by the plaintiff. The jury found a verdict for the defendant; and the plaintiff moved the supreme court for a new trial on a bill of exceptions. The cause was argued there by *A. Thompson*, for the plaintiff, and *R. Mott & E. Sandford*, for the defendant. The motion for a new trial was denied, and the court gave judgment for the defendant. An opinion to the following effect was delivered by

BRONSON, C. J.   The *prima facie* presumption in this case was, that all of the assessors met and consulted, although only two of them signed the estimate and assessment.   (*Doughty* v. *Hope*, 3 *Denio*, 249.)   But the defendant was at liberty to rebut that presumption, by showing that in point of fact the third assessor did nothing beyond taking the oath of office.   The presumption in favor of the performance of official duty is rarely, if ever, conclusive.   It may be overthrown by proof.

The fact that Secor did not act, might as well be proved by Warner, who was one of the assessors, as by Secor himself. From the nature of the case, the one must have been about as well qualified to speak on the subject as the other.   It was not so in *Downing* v. *Rugar*, (21 *Wend*. 178,) nor in *Williams* v. *The E. I. Company*, (3 *East*, 192,) on which the plaintiff relies.   And besides, in the latter case, the plaintiff attempted to make out a criminal neglect of duty by secondary evidence; while in the case before us, the omission to act would not even be a fault on the part of Secor.   The appointment by the common council imposed no duty upon him; and the oath which he took was not a promise that he would execute the trust, but only an obligation that he would act fairly and impartially, if he acted at all.

But still, as the other two assessors had no lawful authority to proceed without consulting Secor, the presumption remains that he was consulted.   The evidence which the defendant gave to overcome that presumption was weak and inconclusive; and had there been no other question in the case, I think the verdict should have been for the plaintiff.   But this is a bill of exceptions; and we have nothing to do with the finding of the jury.

In asking the judge to instruct the jury concerning the force of the evidence which had been given to rebut the presumption, the plaintiff assumed that all of the assessors were in the street commissioners' office when the assessment was made, though the report was only signed by two of them.   This was assuming too much.   The evidence only went to show, that the assessors were all *clerks* in the street commissioners' office at

the time; and not that they were actually in the office when the assessment was made. A request for instructions to a jury should either rest upon undisputed facts, or a hypothetical case. If the proposition which the party submits, be not right in all its parts, both as to fact and law, the judge may refuse to give the instruction which is asked; and he may do so without any qualification.

The jury have found that only two of the assessors acted, and that the third was not consulted. If there be not something to obviate this difficulty, it is fatal to the proceedings. The plaintiff insists, that the ratification of the estimate and assessment by the common council precludes all inquiry concerning the acts of the assessors. The statute provides, that the assessors, after having made the estimate and assessment, shall certify the same in writing to the common council; and the estimate and assessment, being ratified by the common council, shall be binding and conclusive upon the owners and occupants of the lots assessed. (2 *R. L.* 407, § 175.) It is not the ratification which is binding and conclusive; but the estimate and assessment, when ratified. And it is only when an assessment has been first duly made, that the common council has the power of ratification. Void things are as no things; and there never was any assessment to be ratified. The common council cannot itself make the assessment; it can only cause the thing to be done by sworn assessors. The power of ratification carries with it the authority to set aside a regular assessment, when not made upon just principles. But it does not include an authority to legalize an irregular and void assessment. As there was nothing to be ratified, the act of ratification was itself a nullity. But if that act was good so far as it goes, it would only be one of several necessary links in the plaintiff's chain of title; and it is a well established rule in relation to these statute powers to transfer the title to lands without the consent of the owner, that the authority must be strictly pursued from the beginning to the end. If any material link in the chain be wanting, the whole proceeding will fall to the ground. (*Sharp* v. *Speir, and Sharp* v. *Johnson,* 4 *Hill,* 86, 92.) The case of *Striker* v. *Kel*

ly, (7 *Hill*, 9,) as it stands corrected by the court of errors, (2 *Denio*, 323,) does not controvert this doctrine; but goes to confirm it.

The common council was at liberty to presume that the third assessor had been consulted, and to act upon that presumption. But it was at the peril of having the act come to nothing, if it turned out that the presumption was not well founded. A fact inferred from other facts is of no more force than it is when made out by other *prima facie* evidence. If the names of all the assessors had been affixed to the assessment, and the common council had acted upon that evidence that all had united, the defendant would still have been at liberty to show that the report was a forgery as to one or more of the assessors; and on making such proof the whole proceeding would be overthrown. (*Graves* v. *Otis*, 2 *Hill*, 466; *Sharp* v. *Speir*, 4 *Hill*, 76, 88.) In *Jackson* v. *Morse*, (18 *John.* 441,) there was a regular return of unpaid taxes, upon which the comptroller acted, and sold and conveyed the land pursuant to the authority vested in him by law. The statute declared that the conveyance should vest in the purchaser an absolute estate in fee simple; and should also be conclusive evidence that the sale was regular according to the provisions of the act. And yet the owner of the land was allowed to impeach the return on which the comptroller had acted, by showing that the taxes had in fact been paid prior to the return. And thus, what was apparently a good authority to sell, and a valid title in the purchaser, were overthrown.

The ratification by the common council has not the force of a judgment of a court of record.

The next question is upon the sufficiency of the redemption notice. Had the assessment been regular, it would be a lien upon the land. (2 *R. L.* 420, § 186.) By the act of 1816, the corporation is authorized in such cases to sell a term of years in the land for the payment of the assessment; and a certificate is to be given to the purchaser stating, among other things, when he will be entitled to a lease; which is two years from the date of the certificate, provided the land is not redeemed in the mean time. (*Stat.* 1816, *p.* 114, § 2.) It is further provided by the

Doughty v. Hope.

same statute, as amended by the act of 1840, (*Stat.* 1840, *p.* 274, § 10,) that the corporation shall, at least six months before the expiration of two years after any such sale, cause an advertisement to be published twice in each week, for six weeks successively, in one daily newspaper printed and published in the city of New-York, that unless the lands sold be redeemed by a certain day, they will be conveyed to the purchaser. The circuit judge was right in holding, that the six weeks' publication should have been completed before the commencement of the last six months of the two years after the sale, which is allowed for redeeming. A slight transposition of the different members of the sentence, omitting that which is not material to the question, will render this quite evident. "The corporation shall cause an advertisement to be published for six weeks successively, at least six months before the expiration of the two years." The whole publication must be ended, before the last six months begin. In this case, the publication of the six weeks notice was commenced a few days before the beginning of the last six months of the two years; but the publication was not concluded until more than one month of the last six months had elapsed. This was not a compliance with the requirement of the statute. Although this question might have been made in *The People* v. *The Mayor of New-York*, (10 *Wend.* 393,) it was neither made by the counsel, nor decided by the court.

The publication is an important step in the process by which the title is to be transferred : and the doctrine in this class of cases is, that the authority must be strictly pursued, or the title will not pass. (*Sharp* v. *Speir*, 1 *Hill.* 86; *Striker* v. *Kelly*, 7 *Id.* 25.) The object of requiring the publication was, to get notice of the sale to the owner in time to save his land. He has two years after the sale to redeem; and as we read the statute, the publication must be completed within the first eighteen months of the two years. Notice is of the essence of the things required to be done; (1 *Bur.* 447;) and we cannot, therefore, hold, that the statute is merely directory, and may be disregarded. Statutes requiring public officers to do an act within a certain time are sometimes construed as being only directory, and

Doughty *v.* Hope.

the act may be done at a later period, provided no one can be injured by the delay. (*Gale* v. *Mead*, 2 *Denio*, 160.) In this case, if the statute had been, that the publication should be made within the first eighteen months, and that the owner should have six months to redeem *after the publication had been made*, it may be that a notice after the expiration of the eighteen months would be sufficient. The owner would not be injured; for he would still have six months after the notice. But not so here. He must redeem within two years *after the sale;* and if the publication is not made in time, the owner loses a part of the six months' notice to which he is entitled.

When the time and place for holding the annual school district meeting has been fixed by the district, the thing must be known to all the voters; and the omission of the clerk to post a further notice, as the statute directs, has been held not to be fatal to the proceedings. (*Marchant* v. *Langworthy*, 6 *Hill*, 646.)(*a*) And where a corporation is required by statute to do an act in a particular way, as by calling the ayes and noes, it has been held that the act is the essential thing, and as to the manner of doing it, the statute is merely directory. (*Striker* v. *Kelly*, 7 *Hill*, 9.) But it was held in that case, (*p.* 26,) that the publication of the redemption notice was essential to the validity of the purchaser's title. And in *The People* v. *The Mayor of New-York*, (10 *Wend.* 393,) the point was decided, that this statute is not to be construed as directory merely; but the notice must be given, or the title of the owner will not be divested.

The statute declares, that the lease "shall be conclusive evidence that the *sale* was regular, according to the provisions of this act." (*Stat.* 1816, *p.* 115, § 2.) Although the redemption notice is one of the several things which are essential to a complete transfer of the title, it is evident, on reading the whole section, that by "the sale" the legislature had reference to the auction at which the incipient right of the purchaser was acquired; and not to all the steps by which that right became

---

(*a*)Affirmed in error, (*ante, p.* 526.)

perfect. The redemption notice is no more a part of the sale, than is an unpaid assessment, or an affidavit of the collector that the money has been demanded without effect. And according to my dissenting opinion in *Striker* v. *Kelly*, (7 *Hill*, 28,) which opinion has in that particular been confirmed by the court for the correction of errors, (2 *Denio*, 323,) the lease does not prove that there was a proper affidavit by the collector; but that fact must be shown by the purchaser, or his claim to the property cannot prevail. And besides, the precise point was ruled by this court in that case, (7 *Hill*, 26,) that the lease does not prove the publication of the redemption notice. And in the case which has already been mentioned of the comptroller's deed, (*Jackson* v. *Morse*, 18 *John*. 441,) the statute has the very same words as those we are now considering; and yet it was held, that the deed gave no title where the taxes had been paid prior to the sale. The lease proves, that the proceedings at the auction were regular; and perhaps it also proves, that due notice of the auction was given. But the fact that proper notice to redeem was given after the auction must be made out by other evidence than the lease.

After the lease has been executed, another notice must be served on the occupant, and the person who was last assessed as owner of the land, giving a further term of six months to redeem, by paying the money to the street commissioner for the use of the grantee; and on filing an affidavit with the street commissioner of the due service of the notice, that officer, if the money is not paid within the six months, gives a certificate of that fact, and the conveyance thereupon becomes absolute; and the occupant and all others are barred of all right and title to the property for the term of years which has been conveyed. (*Stat*. 1841, *p*. 211, §§ 3 *to* 7.) This notice, and the certificate of the street commissioner were duly given in this case. But I see no principle upon which the regularity of that proceeding can be allowed to help out the defect in the redemption notice which preceded the giving of the lease. The owner of the land was entitled to both notices; and until both have been regularly given, his title is not divested.

We see no error in any of the several decisions which were made by the circuit judge.

The plaintiff having brought error, the cause was argued by counsel in the court of appeals; and after taking time for deliberation, that court *affirmed* the judgment of the supreme court.