WILLIAM D. KIDDER *v.* RUSSELL J. MORSE.

*Petition for a Mandamus, requiring defendant, as Constable, to execute a deed of certain lands, sold by him as Constable, and Collector of Taxes, &c.*

It is not necessary that a petition for a mandamus, requiring a constable and collector to execute a deed of land sold by him for taxes, should allege all the particular facts, upon which the writ is claimed, so that the case may be tried upon demurrer, as is common and requisite, in suits according to the course of the common law; if the petition states the right and duty in general terms it is all that is required.

Nor is it necessary for the petitioner, in this stage of the proceedings, to show that all the previous proceedings have been regular, for it is not competent for the collector to allege his own default, as an excuse for not executing the deed, and the petitioner is not obliged to contest these questions with the collector.

PETITION for a writ of *mandamus*, requiring the defendant, as constable and collector of the town of Bolton, to deed certain lands in Bolton sold by him as constable and collector of said town, to the plaintiff, for delinquent taxes, &c. The facts sufficiently appear in the opinion of the court.

*Levi Underwood* for plaintiff.

*Geo. F. Edmunds* for defendant.

The opinion of the court was delivered by

REDFIELD, CH. J. This is a petition for a *mandamus*, requiring defendant to execute a deed of certain lands in Bolton, sold by him, as constable and collector of taxes of that town, to the plaintiff for delinquent taxes, the time of redemption having expired, and said land not being redeemed, said taxes and costs having been paid by plaintiff to the defendant at the time of the sale.

The defendant moves to dismiss the petition, upon the ground that the plaintiff has not alleged with legal precision, all the facts necessary to show that defendant's proceedings, in collecting such taxes were regular, so that the deed would avail the plaintiff, if executed. To this motion to dismiss, we think two answers may be given.

I. The petition does allege most, or all the requisites referred to, in general terms, and we do not consider it necessary that such petition should allege all the particular facts, upon which the writ is claimed, so that the case may be tried upon demurrer, as is common and requisite in suits according to the course of the common law. All that is requisite is, to state the right and duty in general terms. It is objected here, that the petition does not state that defendant was first constable, and the statute requires that the sale of land for taxes should be made by the first constable, even in cases of highway surveyors and school district collectors. But the petition does describe the defendant as " the constable and collec-

tor of taxes" in said town. And the statute provides in terms, that the first constable "shall be collector of taxes," compiled statutes, 114 § 13, which makes the description, as certain as if the words, "first constable," had been used, since no other constable is collector of taxes. Another objection is, that it does not appear how or by what authority, Morse was authorized to collect said taxes. The averment in the petition is, "said Morse being fully authorized to collect said taxes." This general form of averment is all that is requisite, even where the question is proper to be traversed, and tried upon the hearing.

And most of the formal·objections to the mode of alleging the previous proceedings are of this character.

II. But, we do not consider that it is necessary to show that all the previous proceedings have been regular. We think, as the statute in express terms requires, "If the land shall not be redeemed the constable shall execute to the purchaser a deed," that it is not competent for the collector to allege his own default, as an excuse for not executing the deed. Having sold the land to plaintiff, and taken his money, and the land not having been redeemed, he is bound to execute the deed, and let the plaintiff make what he can of it. Although the statute, in terms, provides, "that the deed being acknowledged and recorded shall be sufficient to convey to him a title, against the person for whose tax it was sold," it has been held, by this court, that it does not have that effect, except upon the condition of the irregularity of the previous proceedings. And we do not think he is obliged to contest. these questions with the collector, before he is entitled to his deed.

The case of the *People* v. *the Mayor of New York*, 10 Wendell 393, is a case where the writ was denied, on the ground of the irregularity of the previous proceedings of the collector, but the court put the case expressly upon the ground that the lease in that case, might probably, under the statute of 1816, convey a title without reference to the regularity of the previous proceedings. And they say they are not inclined to exert such a prerogative power, to give strength and validity to a title, which seems clearly defective. What this court might do in such a case, it is not needful to determine here.

The motion to dismiss is overruled.