Peckham, J.
 

 The first, and perhaps the only, question in
 
 *459
 
 this case is, whether the provision in the act of 1823, requiring the comptroller to publish notices stating when the time for the redemption of lands sold for taxes will expire, is peremptory or merely directory.
 

 The statute, after providing for the sale by the comptroller, and the giving of a certificate thereof to the purchaser, declares that, if no person shall pay the sum stated in the certificate within two years from the last day of the sale, the comptroller shall, at the expiration of said two years, execute a conveyance of such land so sold, etc., which conveyance shall vest in the purchaser a fee simple, and shall be
 
 con-cT/usim
 
 evidence that the sale was regular ; and after providing that such conveyance may be recorded, etc., is the provision in question, as follows:
 

 “And the comptroller shall, at least six months before the expiration of two years after any such sale, cause an advertisement to be published at least once in each week, for six weeks successively, in all the public newspapers printed in this State, in such form as he shall deem well calculated to give notice of such sale, that unless the lands sold should be redeemed by a certain day, they would be conveyed to the purchaser.” (Session Laws of 1823, p. 406.)
 

 The notice of the expiration of the time to redeem, it will be perceived, must be published for six weeks before the last six months begin. This not only seems to be the plain construction of the act, but it is the judicial construction given by the Supreme, and affirmed by this court, upon a like statute.
 
 (Doughty
 
 v. Hope, 3 Den., 594, at 600; Same, 1 Comst., 79 ;
 
 Bunnan
 
 v.
 
 Eastman,
 
 50 Barb., 640.)
 

 It is plainly proved that this notice was not published six weeks, or even one week, before the last six months of the time to redeem. There was some point left open for presumption on the former trial of this cause as to this question. There is none now.
 

 It seems also plain that this provision was for the protection of the land owner whose premises were sold for taxes. It was clearly designed to notify Mm, if he were ignorant of the
 
 *460
 
 sale before, or if- he had forgotten, of his near peril of losing his property if he failed to pay; losing it absolutely. In such cases it is the settled rule that the provision must be complied with or no title passes.
 
 (Cruger
 
 v.
 
 Dogherty,
 
 43 N. Y., 107, and cases there cited.) Besides, this precise point is adjudged in the case of
 
 Doughty
 
 v. Hope,
 
 sppra,
 
 in this court. The counsel cites a case from 40 How. Pr. Rep., 201.
 
 In re Geo. W. Douglass
 
 for a different rule. That case has lately been reversed in this court. (46 N. Y., 42.)
 

 There is no force in the suggestion that this provision as to publication of notice to redeem is located in a part of the section after the provision as to the giving of the deed by the comptroller. It is of the same force as if inserted before. There is not the slightest evidence to the contrary in the act, nor is there any rule of construction that will allow us to give any weight to this suggestion.
 

 This act was passed when the State had far less papers than now. The Legislature deemed it wise to pass such a law. It has since been changed. It is not probable that this decision can affect other titles to any great extent, as it has been the declared law of this State for over a quarter of a century; declared in
 
 Doughty
 
 v. Hope, supra, in 1846.
 

 The other point, that the deed being
 
 eonelusive
 
 evidence “ that
 
 thesdle
 
 was regular,” is also conclusive that the redemption notice was given, was decided in
 
 Doughty
 
 v. Hope, and held that it did not refer to that notice, which took place after the sale; also,
 
 Beekman
 
 v.
 
 Bigham
 
 (1 Seld., 366).
 

 The only difference in the statute of 1816, as amended by the act of 1840, and under which
 
 Doughty
 
 v.
 
 Hope
 
 was decided, and the statute of 1823, is that the act of 1816 required the publication of the notice, as to lands in the city of Hew York, to be in one daily paper printed and published in the city. (Laws of 1816, p. 114, § 2; Laws of 1840, p. 274, § 10.) In the act of 1823, the publication of the notice was required to be made “ in all of the public newspapers printed in the State.”
 

 This was the mode which the legislature deemed proper
 
 *461
 
 of giving to all the notice of redemption, whether residents or non-residents. In the case at bar, the owners, I believe, were residents of Ulster county. Precisely the same principle governs both cases. In principle, if you can omit the publication in one paper, you may in ten or in all.
 

 The statute intended that the notice should be given, and if redemption followed, then and then only should the deed be executed, and the owner lose his title.
 

 It is also urged that from the lapse of time (more than thirty years), since the deed was given prior to suit brought, the deed is conclusive evidence of a full compliance with the requirements of the act.
 

 The rule is thus broadly laid down by Greenleaf (1 Gr. on Ev., § 20.) But the authorities cited by him do not sustain his position; they are to the effect that a jury may presume from circumstances that all things were done according to law. (Pejepscut, Proprs., v. Ransom, 14 Mass., 145;
 
 Blossom
 
 v. Cannon, 14 Mass., 177.) Where possession has followed the deed, adverse possession for thirty years, a different rule would prevail.
 

 In the case at bar, defendant took possession in 1846, some thirteen years before suit, and it was then an entire wilderness.
 

 The statute, as it stood at the trial of this cause, made the deed presumptive evidence of the service of the redemption notice, among other things, if the grantee were in possession, “ whatever may be the date of such conveyance.” (Laws of 1860, p. 352.) The statute does not mention redemption notices in terms, but it plainly includes them. When the fact, as in this case, was clearly proved otherwise, the presumption was entirely overcome.
 

 This last statute, it may be remarked, was passed long after the decision in
 
 Doughty
 
 v. Hope, and of others of a like character. It is a legislative declaration .that the service of these redemption notices was not directory merely, otherwise
 
 *462
 
 it would be unnecessary to provide for their proof. The judgment must be affirmed.
 

 All concur except Church, Ch. J., not voting.
 

 Judgment affirmed.