Lawrence, J.—
Section 207 of the consolidation act confers upon the board of estimate and apportionment power to make the transfer contemplated by the resolution of November 12, 1884, which resolution is set forth in the complaint herein. Section 204 of said act, confers a similar power upon said board. The case of the present plaintiff against the mayor, &c., and the comptroller, recently decided by the general term of this department, does not deny the existence of such power. It simply decides that the power of transfer of excesses in! appropriations is confined to, and can only be exercised in cases, where appropriations actually made have proved deficient, and that the board have no authority to use excesses for new objects or purposes, or to make defeated appropriations successful.
The resolution in question is intended to transfer from the *140 appropriation made to the department of public works, for “ lamps and gas and electric lighting,” the sum of $4,750, which is in excess of the amount required for the objects and purposes thereof, to the appropriation entitled “ salaries,” &c., which is insufficient. I regard the resolution, therefore, as entirely within the powers of the board of estimate and apportionment. It is, however, contended that said resolution is not valid, because it- received the vote of only three members of the board at a meeting at which all were present. The general rule, I understand to be, that where any number of persons are appointed to act judicially, in a public matter, all must confer, but a majority may decide (See ex parte Rogers, 7 Cowen, 526 and cases cited on page 530; People ex rel. Washington agt. Nichols, 52 N. Y., 482; Doughty agt. Hope, 3 Denio, 594; Same Cases on Appeal, 1 Comstock, 79).
There is no positive provision that in the matter of making transfers there shall be a unanimous vote of the board, the provision in respect to unanimity being apparently confined to the provisional and final estimate referred to in section 189 of the consolidation act. In the absence of an express provision to the contrary, it seems to me that where an act is authorized to be done by the board of estimate and apportionment, the ordinary rule of law must apply, and that a majority of the whole board, at a meeting of all the members thereof, can legally decide upon the propriety of doing such act.
For these reasons, I am of the opinion that the motion to continue the injunction, heretofore granted, should be denied, with costs.