In our opinion the assessment was void, despite the subsequent confirmation thereof by the council, by reason of the fact that other land within the district of assessment, as fixed by the council’s ordinances authorizing the improvement and accepting the improvement as complete, adopted prior to the making of the assessment, was omitted from the assessment roll by the commissioner. (See Hassen v. City of Rochester, 65 N. Y. 516; 67 N. Y. 528; Matter of Turfler, 44 Barb. 46; Doughty v. Hope, 3 Denio 594, affd. 1 N. Y. 79.) Whether the ground for the declaration of invalidity be stated merely as being the unlawful acts of the commissioner of assessment and taxation, or as being total lack of jurisdiction of the council to make the levy and assessment (see Mount Vernon City Charter, §§ 231, 232; L. 1922, ch. 490), the court nevertheless may vacate the assessment if it be void. (People ex rel. Schick v. Marvin, 271 N. Y. 219; 249 App. Div. 293, affd. 275 N. Y. 587.) The objections filed by respondents, *854 in connection with the hearing for the confirmation by the common council of the assessment by the commissioner, sufficiently stated the same grounds which were presented to the court and, therefore, the court was not without jurisdiction by virtue of section 232 of "the charter. No element of estoppel is presented by the claim that respondents themselves applied for the construction of the improvement and that their property may be the only one to benefit therefrom. The council, by legislative action, has determined that parcels other than that of the respondents will be benefited, and, under the authorities above cited, the council’s confirmation of the assessment is insufficient to change that legislative determination. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ. [195 Misc. 314.] [See post, p. 1045.]