ALBANY,
Jan. 1814.

Matter of
the Mayor,
&c. of New-
York.

In the matter of the application of the Mayor, Alder-
men and Commonalty of the City of New-York, for the
enlarging and improving a part of Nassau-street, in
the said city.

THE *commissioners* appointed by the court, on the applica-
tion of the corporation of the city of *New-York*, pursuant to the
178th section of the act " to reduce several laws relating par-
ticularly to the city of *New-York* into one act," passed 9th *April*,
1813, (2 *N. R. L.* 408.) made a *report* of their estimate and assess-
ment of the damage and *benefit* to the parties interested, &c.
in enlarging part of *Nassau-street*, by which, among other things,
it appeared that they assessed the benefit of the proposed im-
provement to the following churches, to be paid by them, viz. on
the *French church Du St. Esprit*, 1,273 dollars, the *Presbyterian
church, in Wall-street*, 1,981 dollars and 81 cents, and the *Scotch
Presbyterian church, in Cedar-street*, 410 dollars. To this assess-
ment the several churches stated their objections in writing to
the commissioners. Several individuals, also, owners of houses
and lots assessed, stated their objections to the report, on the
ground of the assessment being inequitable and disproportionate.
A motion having been made at the last term to have the re-
port of the commissioners confirmed, the *churches*, by their
counsel, as well as the individual proprietors, were heard in
support of their objections.

*Against the motion*, it was argued, in behalf of the churches,
1. That by the general act for the assessment and collection of
taxes, (sect. 28. 2 *N. R. L.* 519.) *churches* or places of public
worship were not liable to this assessment. That act declares
" that no real estate belonging to any church or place of
public worship," &c. " shall be taxed by any law of this state."
The term *tax* comprehends every species of contribution or
burden imposed by the authority of the state. In *Brewster* v.
*Kidgell*,(a) Lord *Holt* says, the " word *taxes* comprehends rates

(a) Carth. 438.

> property, and they ought not to contribute in like proportion.
> *Taxes* are *burdens*, charges, or impositions, set on persons or property, for public uses; but an
> *assessment*, for a supposed *benefit*, is not a tax or talliage, within the meaning of the exemption.

The exemp-
tion in the act
for the assess-
ment and col-
lection of
taxes, passed
the 8th *April*,
1801, (sess. 24.
c. 178. s. 24.;
2 *N. R. L.*
519 s. 28.) of
*churches* or
places of pub-
lic worship,
&c.from being
" *taxed* by
any law of the
state," has re-
ference only
to the general
and public
taxes, for the
benefit of the
town, county,
or state *at
large*; and
not to *assess-
ments* of the
*benefit* result-
ing to the pro-
perty, from
opening, en-
larging, or
improving
streets in the
city of *New-
York*, under
the act (sess.
36. c. 86. s.
178.) passed
the 9th *April*,
1813, but as
they are ex-
clusively de-
voted to reli-
gious purpo-
ses, the bene-
*fit* of such im-
provements
must be small
to them, in
comparison
with other

ALBANY,
Jan. 1814.

MATTER OF
THE MAYOR,
&c. OF NEW-
YORK.

for the church and poor, and those rates imposed by the commissioners of the sewers," as well as parliamentary taxes. The statute of 23 *Hen.* VIII. c. 5. relative to the *commissioners of sewers*, is perfectly analogous to the provisions of our act.

*Tax* is used, in modern times, by parliament, and by our legislature, instead of the ancient word *talliage*, and *talliage*, says Lord *Coke*,[\*] is a general word, and includes all subsidies, taxes, tenths, fifteenths, impositions, or other burdens or charges put or set upon any man. So in the case of *The King* v. *The St. Luke's Hospital*,[†] Lord *Mansfield* uses the word *tax* in this general sense. The language of the act creating the exemption is general, without any limitation or restriction.

In the act of 43 *Eliz.* c. 2. s. 1. the overseers of the poor are authorized to raise money by "*taxation* of every inhabitant," &c. which shows that the word *taxes* is used in reference to local assessments, as well as to impositions of a more general nature. And in our act for defraying the public and necessary charges in the several counties,[‡] one of the town charges, directed to be collected with the stated taxes, is the expense and damage of laying out and improving roads and highways.

In the case of *The King* v. *Scott*,[§] where by a private act of parliament of 12 *Car.* II. certain lands and premises appropriated for school-houses, and alms-houses, were to be "freed, discharged, &c. of and from the payment of all and every manner of taxes, assessments and charges, civil or military, whatsoever," it was contended that the exemption was only from the *general public taxes* of the kingdom, but not from any *particular local tax*, as the poor's rate, but it was held by the court that the exemption extended to the *poor's rate*.

An exemption contained in a prior act is not repealed or taken away by a subsequent general statute.[‖] Thus, in *Williams* v. *Pritchard*,[\*\*] where houses built on lands embanked on the *Thames*, were by the act of 7 *Geo.* III. c. 37. to be held "*free* from all taxes and assessments whatsoever," it was held that they were not liable to be assessed for the general land tax imposed by a subsequent act of 27 *Geo.* III. though couched in the most general terms. And so in the case of *Eddington* v. *Borman*,[††] it was held that such houses, thus exempted by the 7 *Geo.* III. c. 37. were not liable to pay the rates assessed under the subsequent act of 11 *Geo.* III. c. 29. for "making, enlarging, &c. the vaults, drains and sewers in the city of *London*, and for paving, clean-

\* 2 *Inst.* 532.

† *Burr.* 1053.

‡ See 2 *N. R. L.* 137. 275. s. 16.

§ 3 *Term Rep.* 602. See also 4 *Term Rep.* 4.

‖ 11 *Co.* 68. b.

\*\* 4 *Term Rep.* 2.

†† 4 *Term Rep.* 4.

ALBANY,
Jan. 1814.

MATTER OF
THE MAYOR,
&c. OF NEW-
YORK.

ing and lighting the streets," &c. The word "*taxes*," then, is clearly broad enough to cover the charge in this case. The word "assessment" means only the apportioning or rating a tax.

2. The amount assessed on these churches is excessive, and enormously disproportionate to any possible benefit they can be supposed to derive from the widening of *Nassau-street*. The act directs the commissioners to make a "just and equitable estimate and assessment of the value of the benefit and advantage of the proposed improvement to the owners of the adjoining lands," &c. These churches are set apart and consecrated to the purposes of religious worship. They cannot be converted to secular uses, and it is the secular benefit only that is liable to assessment under this act. The commissioners have proceeded on an arbitrary rule of apportionment, applied to these churches in the same manner as if they were employed for private or secular purposes.

*For the motion*, it was insisted, that the exemption claimed by the churches under the general "act for the assessment and collection of taxes," had reference only to the general and *public taxes*, imposed by the state, or to assessments on the towns or counties at large, not to local and limited assessments for the improving a part of a particular street. That the assessment from which the churches seek to be relieved in this case is of a ratable proportion of the *benefit and advantage* derived from the improvement of the street which is to be widened; and in the same section of the act which exempts ministers of the gospel and churches from being taxed, houses or lands belonging to the *United States*, or to the people of this state, are also exempted; yet the legislature have, by various acts, recognised the validity of similar assessments on the public property in the city of *New-York*, showing evidently the legislative sense of the nature and extent of the exemption. It must be presumed that the legislature intended only to relieve from a *burden*, not from a *benefit*.

2. As to the *quantum* of the benefit assessed, and which is complained of, that was a matter resting in the sound discretion of the commissioners, who adopted the only practicable rule on the subject. The property of these churches is undoubtedly benefited; for though, at present, they are exclusively devoted to

ALBANY,
Jan. 1814.

MATTER OF
THE MAYOR,
&c. OF NEW-
YORK.

religious purposes, yet circumstances may arise hereafter to in-duce the congregations interested to secularize the property, and the improvement of the street may be regarded, therefore, as a permanent advantage. There is, besides, an incidental advantage arising from widening a street so near the churches, and thereby enlarging one of the avenues to them.

*D. S. Jones*, in support of the motion.

*Harison, Griffen, Brinckerhoff* and *Kip*, contra.

*Per Curiam.* The churches are not well founded in their claim to a total exemption of their lots from assessments for opening, en-larging, or otherwise improving, streets in the city of *New-York*, made in pursuance of the act of the 9th of *April*, 1813. (2 *N. R. L.* 408.) These assessments are intended and directed to be made upon the owners of lands and lots who may receive "benefit and advantage" by the improvement. The exemption granted by the act of 1801, was in the general act for *the assessment and collection of taxes;* (1 *N. R. L.* 556.) and the provisions of that act all refer to general and public taxes to be assessed and collected for the benefit of the town, county, or state *at large.* The words of the exemption are, that no church or place of pub-lic worship, nor any school-house, &c. " should be *taxed* by any law of this state." The word " *taxes*" means burdens, charges, or impositions, put or set upon persons or property for public uses, and this is the definition which Lord *Coke* gives to the word *talliage;* (2 *Inst.* 532.) and Lord *Holt*, in *Carth.* 438., gives the same definition, in substance, of the word tax. The legislature intended by that exemption to relieve religious and literary insti-tutions from these public burdens, and the same exemption was extended to the real estate of any minister, not exceeding in value 1,500 dollars. But to pay for the opening of a street, in a *ratio* to the " benefit or advantage" derived from it, is no *bur-den.* It is no talliage or tax within the meaning of the exemp-tion, and has no claim upon the public benevolence. Why should not the real estate of a minister, as well as of other per-sons, pay for such an improvement in proportion as it is bene-fited? There is no inconvenience or hardship in it, and the maxim of law that *qui sentit commodum debet sentire onus,* is per-fectly consistent with the interests and dictates of science and

ALBANY,
Jan. 1814.

MATTER OF
THE MAYOR,
&c. OF NEW-
YORK.

religion.   The legislature have, in several instances, given this construction to the exemption in question, by recognising as valid, similar assessments upon public property in *New-York.* (*Acts,* sess. 34. c. 246. s. 30.   Sess. 35. c. 239. s. 43.)

The next and only remaining question is, whether the estimate and assessment, either in respect to the churches, or in respect to the individuals claiming, does, in any respect, require revisal and correction.   As the church property is not, nor is likely soon to be, either appropriated to renting or exposed to sale, but is devoted exclusively to religious purposes, the benefit resulting to it, by the improvement of *Nassau-street,* must be small in comparison with that of other property, and it, therefore, ought not to contribute in the like proportion.   It may be considered, possibly, as benefited, by rendering the access to the churches more convenient, and the places more pleasant and salubrious, by the freer circulation of the air.   This may have some influence on the pew rents, and the ground may become permanently more valuable.   These, however, appear to be small and remote benefits to property so circumstanced; and to charge the churches equally with adjoining private property is unreasonable and extravagant; and on this point the report ought to be sent back to the commissioners for revisal and correction.

Motion denied.