NOTE.—Where, at the adoption of the Code, a right of action upon promissory notes had accrued, and had not then been barred, section 110 of the Code is not applicable. So held in *Lansing* v. *Blair*, October, 1870. Court of Appeals. [REP.]

---

PATRICK BULGER, Administrator, &c., of MARY BULGER, deceased, Appellant, *v.* THE ALBANY RAILWAY, Respondent.

It is not actionable want of care in those in charge of horse cars and horses running on a horse railway along the street of a city, to fail to prevent a child of tender years, in such street, from approaching, unseen by them, the side of the car (after the horses and front part of the car had passed) so to fall under the car and receive injuries from the hind wheel of the car on that side.

Where the driver, standing on the front platform of such car, keeps a close watch forward, and is vigilant and careful to see and avoid any obstruction on or dangerously near the track in front of him, he is guilty of no negligence in omitting also to keep a constant watch of each side of the car to the rear of the front platform, to see that no one is injured by coming laterally into collision with the side of the car.

(Argued March 24th, 1870 ; decided June 21st, 1870.)

APPEAL from a judgment of the General Term of the third district affirming judgment dismissing the complaint, a nonsuit having been ordered at a trial had before Justice INGALLS and a jury, at the Albany circuit, May, 1868.

The action was brought, under the statute, by the father, as administrator of his child, Mary Bulger, not two years old at the time she was killed, for the pecuniary loss to her next of kin (stated in the complaint at $5,000) from her death. The child was run over and instantly killed by one of the cars on the defendant's horse railroad, on the 13th of July, 1866, at the corner of Arch and south Pearl streets, in the

city of Albany.   The answer denied any negligence and any pecuniary injuries to the next of kin of the deceased.

It appeared that the child's parents lived at the corner of Rensselaer and Franklin streets, and kept a store on the corner, some distance from Pearl street, where the defendant's railroad was laid; that she was in the store with her mother, with the door open into the street; that she was permitted to go out into the street, and when the accident occurred had gone down into Pearl street; had crossed over that street on to the west side of it; had gotten off the sidewalk at the corner of Arch, on the west side, and was going diagonally out into the center of the intersection of the streets, and, probably attracted by the passing car running along, ran up to the side of it, fell under its wheels, and the hind wheel passed over her body, killing her instantly.   The car was going at a trot.   The driver testified that he was on the look out, and kept a very close watch on the track and all obstructions; that he was attending strictly to his business, and was distracted by no other business or object; a boy who stood on the platform with him also testified that he was looking out in front; neither of them saw the child on the track or in any dangerous position; they both testified that the horses and the fore part of the car passed along the track without any collision, and nothing was or could have been very near the car until after they had passed, so that the sides of the car obscured the view to the right and left in the rear from the front platform.   The evidence showed that the street was narrow; it was fifteen feet from where the child got off the pavement to the east track on which the car was going, and the whole carriageway about twenty feet wide.   The evidence on behalf of the plaintiff, claimed as proof of negligence, was that of one Paddock, a witness who stood on the opposite or east corner of Pearl and Arch streets, and saw the child get off the curbstone and run up street toward the west track, and had got across the west track, when the car passed between him and it, and "took away the view from him."   He swears that if the driver had known the child was opposite where witness

stood in the track he might have stopped before striking it, and that he thinks he might have seen it when it left the side-walk.

At the close of the evidence, the defendant moved for a nonsuit, on the ground:

1st. That the plaintiff had not only not shown the child free from negligence, but positively guilty of gross negligence in rushing under a car between the front and hind wheels, and that in the carriageway, away from any crosswalk or place of crossing; that the plaintiff had not shown the parents of the child free from negligence in allowing the child to be there, and had not rebutted the presumption of negligence arising from its being there alone, far from home, unprotected; also,

2d. On the ground that there was no evidence whatever authorizing the jury to find negligence in the defendant. The court nonsuited on the second ground; and this, on appeal to the General Term, was affirmed.

*Nathaniel C. Moak*, for the appellant, upon the point that the evidence was sufficient to go to the jury on the question of the defendant's negligence, cited Shearman & Redf. on Negligence, 358; *Mangam* v. *Brooklyn City R. R. Co.* (36 Barb., 230); *Mentz* v. *Second Ave. R. R. Co.* Ct. of Appls., December, 1869; *Colegrove* v. *N. Y. & New Haven R. R.* (20 N. Y., 492, 494); *Ernst.* v. *H. R. R. Co.* (35 N. Y., 25); *Wolfkell* v. *Sixth Ave. R. R. Co.* (38 N. Y., 50, 51); *Jetter* v. *N. Y. & N. H. R. R. Co.* (2 Keyes, 159); *Labar* v. *Koplin* (4 N. Y., 546, 548); *Lomer* v. *Meekers* (25 N. Y., 361).

That the child killed being of tender years, could not be held responsible personally for any kind or degree of care, he cited *Mangam* v. *Brooklyn R. R. Co.* (38 N. Y., 458, 461); *North Penn. R.* v. *Mahony* (57 Penn.); *Smith* v. *O' Connor* (12 Wright (Pa.), 218); *Sheridan* v. *Brooklyn & N. Y. R. R.* (36 N. Y., 42.)

The defendant's negligence being gross, it was liable, although the child was guilty of negligence imputed from

its parents in allowing it to be on the street unprotected. (*Hatfield* v. *Roper*, 21 Wend., 615; *Mangam* v. *Brooklyn R. R.*, *supra*; *Carter* v. *Towne*, 98 Mass., 568; *Grill* v. *Gen. Iron Co.*, Law Rep., 1 Com. Pl., 600; Affd. Exch. Chamber, 3 id., 476; *O'Flaherty* v. *Union R. R. Co.*, 3 Am. Law Times State Court Repts., 42 (Missouri Case).

As to the question of the parent's negligence in suffering it to be in the street, and its being imputable to the child, he cited *Mangam* v. *Brooklyn R. R.*, *supra*; *Ernst* v. *Hudson R. R.*, *supra*; *O'Flaherty* v. *Union R. R. Co.*, *supra*; *Drew* v. *Sixth Ave. R. R.* (26 N. Y. Rep., 49); *Quinn* v. *Moore* (15 N. Y., 434); *Oldfield* v. *Harlem R. R.* (14 N. Y., 315). On the plaintiff's right to recover more than nominal damages, he cited *Oldfield* v. *N. Y. & New Haven R. R. Co.*, *supra*; *McMahon* v. *Mayor* (33 N. Y., 642); *Drew* v. *Sixth Ave. R. R.* (26 N. Y., 49); *Keller* v. *N. Y. Central R. R.* (24 How., 172); *McIntyre* v. *N. Y. C. R. R. Co.* (37 N. Y., 296).

*Samuel Hand*, for the respondent, on the point that, on undisputed facts, negligence is a question of law, and the court may and should nonsuit, cited Court of Appeals, *Curran* v. *Warren Co.* (34 How., 250); *Gennin* v. *Harlem R. R.* (3 Robt., 25); *Baxter* v. *Second Ave. R. R. Co.* (id., 510); *Toomey* v. *Brighton Railway* (3 C. B. N. S., 146); *Crafter* v. *Metropolitan Railway* (Law Rep., 1 Com. Pleas, 300); *Calkins* v. *Barger* (44 Barb., 424); *Hanover R. R.* v. *Coyle* (55 Penn., 396); *Terry* v. *N. Y. C. R. R.* (22 Barb., 574); *Suydam* v. *Grand Street R. R.* (41 Barb., 375).

On the point that, the child being negligently on the street and clearly producing the catastrophe by its own act, its representatives cannot recover, he cited Court of Appeals, *Honesberger* v. *Second Ave. R. R. Co.* (33 How., 193, 201); *Burk* v. *Broadway R. R. Co.* (49 Barb., 529); HURLBURT, J. (4 Comst., 359); *Hatfield* v. *Roper* (21 Wend., 615); *Brown* v. *Maxwell* (6 Hill, 592); *Mangam* v. *Atterton* (Law Rep., 1 Exch., 238).

That the evidence did not free the parents of the child from the presumption of negligence arising from its being unattended in so dangerous a place, he cited *Hatfield* v. *Roper*, *supra ; Mangam* v. *Brooklyn R. R. Co.* (GROVER's opinion).

That there could, at any rate, be but nominal damages recovered in the action, and therefore, the court would not send it back for a new trial, he cited *Lehman* v. *City of Brooklyn* (29 Barb., 234).

By the Court—LOTT, J.   The child was killed while in the street unprotected, and the court nonsuited the plaintiff.   I find nothing in the case to charge either the conductor or driver with negligence.   Assuming that the child was off the sidewalk, and as far into the street as the west rail of the east track, there is nothing to show that there was any necessity at that point to stop the car, as the child was not then in a position of danger from the car.   The evidence leads to the conclusion, and the only one warranted by the evidence is, that the fore part of the car passed the child safely, and the child must have then run or fell under.   For this, under the circumstances, the defendants are not responsible.

The nonsuit was right, and judgment must be affirmed.

For affirmance, EARL, Ch. J., LOTT, GROVER, FOSTER and SMITH, JJ.

For reversal, HUNT and SUTHERLAND, JJ.

Judgment affirmed.