## THE STATE, THE MORRIS AND ESSEX RAILROAD COMPANY, PROSECUTORS, v. JERSEY CITY.

1. By the decision of the Court of Appeals in the Tide Water Company's case, it became the established law of this state that the power to assess the expenses of local public improvements on property peculiarly benefited, is limited in amount to the benefit conferred.

2. Lands acquired for a public use by a corporation under legislative authority, which are essential to the exercise of its corporate franchises, and are held in good faith for that purpose, must be regarded for purposes of taxation as devoted to that public use. In assessing lands so circumstanced for local improvements, the increase in their present market value is not the proper basis of assessment; if not benefited in their present use by such improvement, the assessment should be made on a valuation depending on the probability that they may thereafter be converted to other uses.

3. In assessing depot grounds of a railroad company having an exemption from taxation in its charter for benefits derived from local improvements, supposed benefits arising from the probable increase of business in consequence of increased facilities of access to its depot, cannot be made the basis of assessment. An assessment on that principle would be a tax on the business of the company in violation of the exemption in the act of incorporation.

---

Argued at February Term, 1872, before Justices BEDLE, DALRIMPLE and DEPUE.

For the prosecutor, *J. Vanatta.*

For the defendant, *J. Dixon, Jr.*

The opinion of the court was delivered by

DEPUE, J.    The writ in this case removes an assessment upon the lands of the prosecutors to defray the costs and expenses of paving and improving Prospect street.

The lands on which the assessment was made were acquired by the company for depot purposes, and are either in actual use for side tracks or are being prepared by filling in for that purpose.    They are the same premises which were held by this court to be exempt from taxation for general purposes under the clause in the prosecutor's charter exempting them from tax.    *State* v. *Haight,* 6 *Vroom* 40.    But in the case of *The State, The Protestant Foster Home Society, Pros.,* v. *The City of Newark,* 6 *Vroom* 157, it was held that the word tax in the exempting clause of a charter similar to that in the charter of the prosecutors, refers exclusively to ordinary public taxes, and does not include assessments made to defray the costs and expenses of local public improvements.    The prosecutors are not entitled to be relieved of this assessment by force of the exemption from taxation in their act of incorporation.

It is claimed that the assessment is illegal and void for the reason that the company's property is not benefited by the improvement.    By the decision of the Court of Appeals in the Tide Water Company's case, it became the established law of the state that the power to assess the costs and expenses of public improvements on property peculiarly benefited, is limited in amount to the extent of the benefit conferred, and that an assessment beyond that limit is illegal and void, as a taking *pro tanto* of private property for public use without compensation.    *The Tide Water Co.* v. *Costar,* 3 *C. E. Green* 519.    The act of 1871, which gave this court power to determine disputed questions of fact on *certiorari,* was designed to enable the court to make inquiry in such cases, with a view to ascertain whether taxation for local improvements was

exercised upon correct legal principles. (*Acts* 1871, *p.* 124.)*
Depositions have been taken by the prosecutors under the
provisions of this statute touching the benefits.   They are full
and clear to the point that the company's lands considered as
depot grounds, will not be benefited in the least by the im-
provement of the street.   No counter proof was made by the
city, and it must be taken to be an established fact that if the
lands are viewed solely in the light of the uses for which
they were acquired by the company, and to which it is
intended that they shall in the future be applied, no benefit
has been realized from the improvement.   Supposed benefits
arising from the probable increase of business in consequence
of increased facilities of access to their depot, cannot be made
the basis of an assessment of this character.   *Old Colony and
Fall River R. R. Co.* v. *County of Plymouth,* 14 *Gray* 156 ;
*Boston and Maine R. R. Co.* v. *County of Middlesex,* 1 *Allen*
324.   An assessment on that principle would be simply a tax
on the business of the company in violation of the exemption
in their act of incorporation.   *State* v. *Newark,* 3 *Dutcher*
186–191.

The counsel of the city contends that inasmuch as the lands
have not been irrevocably appropriated to the special use, and
as the company may legally apply them to other uses or sell
them in the market at any time, their enhanced market value
and not the advantages resulting to them as depot grounds, is
the criterion of the benefit which shall gauge the limit of the
burden which may be imposed.

In the Foster Home case, Mr. Justice Woodhull states it to
be a general rule, that in making such assessments, the effect of
the proposed improvement on the market value of the property
is only to be regarded, laying out of view its present use, and
the purpose of the owner in relation to its future enjoyment.
The authority cited in support of this decision is the opinion
of the Supreme Court of New York *In the matter of William
and Anthony streets,* 19 *Wend.* 680.   As a general rule it is
undoubtedly correct.   It is insisted that the only exception
to this rule is where the owner is restricted in the power of

* *Rev., p.* 99, ? 9.

alienation by force of conditions in the title deeds. The cases usually cited in support of that construction do not go on that ground. *In the matter of the Mayor, &c., of N. Y.*, 11 *Johns.* 77, an assessment for benefits in widening Nassau street, had been laid on several churches, which was resisted on the ground that churches, by the general act for the assessment and collection of taxes, were not liable to such assessment, and on the further ground that the amount assessed was disproportionate to the benefit derived from the proposed improvement. The court denied relief on the first ground, but for the other reason remitted the report to the commissioners for correction. It was urged, in support of the assessment that although the property was then devoted exclusively to religious purposes, it might thereafter be secularized by the congregation, and therefore might be regarded as deriving a permanent advantage from the widening of the street. The court says: " As the church property is not, nor is it likely soon to be, either appropriated to renting or exposed to sale, but is devoted exclusively to religious purposes, the benefit resulting to it by the improvement of Nassau street, must be small in comparison with that of other property, and it therefore ought not to contribute in the like proportion. It may be considered, possibly, as benefited, by rendering the access to the churches more convenient, and the places more pleasant and salubrious by the freer circulation of the air. This may have some influence on the pew rents, and the ground may become permanently more valuable. These, however, appear to be small and remote benefits to property so circumstanced, and to charge the churches equally with adjoining private property is unreasonable and extravagant." No reference was made by the court to the title of the church to the property, nor to any restrictions on the power of sale or disposition of it. In the case of *The Owners, &c., v. Mayor of Albany*, 15 *Wend.* 374, the objection was that property belonging to the Albany Water Works Company had been assessed without regard to its limited use. The property assessed had been conveyed to the company without any restriction as to its user. In deliv-

State, Morris and Essex R. R. Co., Pros., v. Jersey City.

ering the opinion of the court, Savage, C. J., says: "Should the reservoir of the company be located in some other place * * * their lot, (on which the assessment was laid,) might be used for building lots; it was therefore subject to assessment; in my opinion that assessment should have been only nominal; those whose province it was to decide that question thought otherwise; whether they were right or not depends on the probability there is that the lots may hereafter be converted to uses other than those to which they are now appropriated." The assessment was affirmed, the court not having the power which this court has under the act of 1871 to review assessments on questions of fact. In the Maryland case, the question of the amount of the assessment, or the principles on which it should have been made, was not under consideration. The single question mooted for decision was the effect of the clause of exemption from taxation in the charter of the company. *Mayor of Baltimore* v. *Proprietors of Green Mount Cemetery*, 7 *Maryland* 517.

In the Foster Home case the prosecutors were not restricted to any place in which to exercise the charity for which they were incorporated. They might exercise it anywhere within the city of Newark. The lands assessed were held with a power of sale or disposition at pleasure. It was the ordinary case of the holding of a parcel of land, which was convenient but not in itself necessary to the execution of corporate franchises, by a corporation whose charter contained an exemption only from taxation for general public purposes. They were at liberty to enter the market as vendors whenever they chose, without abandoning their franchises or crippling the operations of their charity. There was nothing in their title or in the situation or condition of the property, or in the need of the prosecutors, growing out of the nature of the duties for the performance of which the corporation was created, that prevented their selling the property whenever its increased value because of the public improvement, made a disposition of it desirable.

In the case now before the court, the prosecutors are

restrained in the exercise of their corporate functions, to the line of operation they selected in the location of their route of railroad. They cannot leave that line and enter the market as sellers of lands used in the operation of their road, without being deprived of the benefits of their franchises. It is physically and legally possible for every canal company in the state to fill up its canal and basins, and for every railroad company to remove its rails, and put in the market such of their lands as they may hold in fee, but it is highly improbable that that course will ever be pursued as a means of obtaining, by a sale of such lands, the benefits of local improvements, the cost of which has been borne by others.

The lands assessed were acquired by the prosecutors for a public use under legislative authority. It has not been suggested that they were acquired for any other ulterior purpose in fraud of the powers granted, or that there is the remotest probability that they will ever be converted to any other use. The expense of reclaiming, which gives to the premises their value, was incurred in preparing them for use in the transaction of the company's business, and they are used solely for that purpose. Lands acquired for a public use by a corporation under legislative powers, and in good faith held for that purpose, must be regarded, for purposes of taxation, as devoted to that public use. This principle has uniformly been adopted in the application of clauses of exemption from taxation, in determining whether property taxed is within the exemption. This company is exempt from taxation, except such as is an equivalent for benefits derived from local improvements. In assessing lands so circumstanced for such benefits, the enhancement of their present market value is not the proper basis of assessment. If not benefited in their present use, the assessment, as was said by Savage, C. J., in the case cited from 15 *Wend.*, should be made on a valuation depending on the probability that they may hereafter be converted to other uses than those to which they are now appropriated.

The charter of the company is perpetual, subject only to

repeal by the legislature. It was admitted on the argument that the assessment was made under the eighty-fourth section of the act incorporating Jersey City, (*Acts* 1870, *p.* 1210,) and was laid on the lands in question at the same rate as on other lands abutting on the street, and without regard to benefits realized by them in their use as depot grounds. Under the proof in the case it should have been merely nominal.

The assessment is reduced to a nominal sum.

CITED in *State, New Jersey R. R. & T. Co., pros., v. Elizabeth,* 8 *Vr.* 330.