OCTOBER TERM, 1874. 61

People ex rel. Howlett v. Mayor of Syracuse.

## PEOPLE ex rel. HOWLETT v. MAYOR OF SYRACUSE.

*Statutory construction — charter of Syracuse — Official discretion — Assessment — church property, equally with other, liable for local improvements.*

The charter of Syracuse provides that when any street or alley is opened, the commissioners for that purpose shall direct such part of the expenses of the improvement " to be assessed upon the city, and such part locally, as they shall deem just." *Held,* that the commissioners had no authority to exempt the city wholly from assessment.

Church property benefited by a local improvement *held* liable to assessment in the same proportion as other property benefited. *Matter of Mayor of New York,* 11 Johns. 77, overruled.

CERTIORARI to review the assessment of the expenses of opening an alley in the city of Syracuse.

The proceeding was instituted upon the relation of Alfred A. Howlett and others against the Mayor and Common Council of the city of Syracuse. The circumstances were these: In March, 1870, certain owners of land in block 111 in said city, petitioned the common council to extend a public alley from its then terminus northerly through said block. The common council accordingly took steps to appropriate the land necessary for said improvement.

It is provided in the charter of Syracuse that in cases of opening or altering streets or alleys, three commissioners shall be appointed by some court of record sitting in the city, who shall award compensation to the owners of property taken, and assess the expense of the improvement upon the property benefited.

After the improvement in question was made, and the damages awarded, an assessment for the expense thereof was made upon the property of relators and others. This assessment was vacated by the court for certain irregularities, upon proceedings by certiorari, and a new assessment was ordered by the common council to be made by the commissioners. This re-assessment was confirmed by the common council. This proceeding was brought to review the said re-assessment, which was claimed to be invalid, for the reasons stated in the opinion and others. Such further facts as are material appear in the opinion.

*I. G. Vann* and *L. W. Hall*, for relators.

*A. H. Green*, for respondents, cited as to the assessment on the church property, *Matter of Mayor of New York*, 11 Johns. 77; *Ex parte Mayor of Albany*, 23 Wend. 277, and cases cited.

GILBERT, J. The return in this case presents two errors, which are too palpable to be overlooked. *First.* No part of the expense of the improvement has been assessed upon the city, whereas the statute (charter, § 4, tit. 8) made it the duty of the commissioners to "direct such part of said expense to be assessed upon the city, and such part locally, as they should deem just." The legislature clearly declared a rule of assessment, whereby a part of the expenses should be borne by the city corporation, and the residue only by the owners of property benefited. The only discretion on this subject resting in the commissioners, was that of apportionment between the owners and the corporation. They had no power to exempt either from all contribution to the burden. The statute is imperative, and whether the legislation is wise or expedient, is a question with which neither the commissioners nor this court have any thing to do. Laws in derogation of private rights must be strictly pursued.

*Second.* The commissioners applied a rule of apportionment among the owners of property benefited much more favorable to a religious corporation than to other owners, whereas the statute, *supra*, required the commissioners to assess that part of the expense to be borne locally upon the property benefited by the improvement, in a just and equitable manner, as near as may be, in proportion to the benefits received. The general rule for determin-

ing these benefits is to ascertain the market value of the property with and without the improvement. *Matter of Furman St.*, 17 Wend. 649; *Matter of William and Anthony Sts.*, 19 id. 690; *T. & B. R. R. Co.* v. *Lee*, 13 Barb. 169. The commissioners return that "the land belonging to the church is of equal or greater value than that which adjoins it on the south," and yet they assessed the latter nine times as much as the former. The statute does not authorize such an exemption in favor of property which for the time being is used for religious purposes, and the case of *Matter of Mayor of New York*, 11 Johns. 77, so far as it asserts a contrary principle, must be deemed overruled by the subsequent cases which have been cited.

We are inclined to think also that the commissioners erred in taking into consideration the effect of removing the barn. The assessment must be set aside.

*Ordered accordingly.*