WILLIAM E. HASSAN et al., Appellants, *v.* THE CITY OF ROCHESTER et al., Respondents.

The legislature has power to authorize the lands of the State to be assessed for local improvements.

The provision of the Revised Statutes (1 R. S., 387, § 1) exempting from taxation lands belonging to the State relates to general, county and State taxes; it has no reference to assessments for improvements, made under special laws and of a local character.

The provision of the charter of the city of Rochester of 1861 (chap. 143, Laws of 1861), providing that property which is exempted from taxation by the general laws of the State may be assessed and taxed for local improvements, includes lands of the State, and removed as far as such lands situate in said city are concerned, any exemption then existing by statute or otherwise.

Under the provisions of said charter the common council of the city, by ordinance, ordered one tier of lots on each side of Oak street, within certain limits, to be assessed for a local improvement. The assessors omitted certain lots belonging to the State within the prescribed limits, and imposed the whole assessment upon the owners of other lots. In an action, by said owners, to restrain the collection of the assessment, *held,* that the assessment was illegal and void, and the action was maintainable; that the assessors, in failing to comply with the ordinance and with the requirements of the statute, did not act judicially; and that their decision could be reviewed collaterally.

In the absence of proof it will not be assumed in such case that plaintiffs' taxes will only be increased to an amount so trifling that the court will not interfere; the presumption is the other way.

Plaintiffs were not bound to offer to pay their proportion of the assessment.

Nor was it necessary to prove on the trial that the property omitted was benefited by the improvement. The common council, in passing the ordinance prescribing the territory to be assessed, adjudged that all parts thereof were benefited, and bound the assessors to assume that the lands omitted derived some benefit; and on that assumption it should have been assessed.

A confirmation of the assessment by the common council, after notice, did not preclude plaintiffs from the equitable relief sought. The provisions of the charter relating to the confirmation of assessments (§§ 197–199) vest no authority in the common council to confirm an assessment made in violation of an ordinance.

(Argued December 6, 1876; decided December 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment entered upon a decision of the court at Special Term.

This action was brought to restrain the collection of an assessment imposed upon plaintiffs' lands for the improvement of Oak street, in the city of Rochester.

The decision upon a former appeal is reported in 65 N. Y., 516.

An ordinance was passed by the common council of said

city in May, 1865, directing the improvement of Oak street,
the expense thereof to be defrayed by the owners and occu-
pants of the houses and lands to be benefited thereby, and
stating that "the portion of the city which said common coun-
cil deem will be benefited by said improvements is described
as follows: One tier of lots on each side of Oak street, from
Allen street to Lyell street."

On one side of Oak street, within the prescribed limits, was
a strip of land belonging to the State. This strip the assessors
did not assess upon the ground that, it being the property of
the State, was not subject to taxation. The assessment was
confirmed by the common council. The trial court held that
the decision of the assessors was correct, and directed a dis-
missal of the complaint.

*Geo. F. Danforth* for the appellants. The allegation in
the answer that the land omitted was the land of the State
constituted no defence. (*Doughty* v. *Hope*, 3 Den., 594; 1
N. Y., 79; *Thompson* v. *Barbours*, 61 id., 65; *Sharp* v.
*Speir*, 4 Hill, 76; *People* v. *Mayor of Syracuse*, 2 Hun, 433,
435; *Clark* v. *Newton*, 3 Lans., 484; *Westfall* v. *Preston*, 49
N. Y., 349, 353, 355; *In re pet. Douglas*, 46 id., 42; *In re
N. Y. P. E. Pub. School*, 47 id., 557; *In re Turpler*, 44
Barb., 46.) Defendants' case is not strengthened by the fact
that the common council confirmed the assessment. (*Joyner*
v. *Inhabitants*, 3 Carey, 567; *Chapman* v. *City of Bklyn.*,
40 N. Y., 372; *Arude* v. *Wheeler*, 48 id., 496; *Ireland* v. *City
of Rochester*, 51 Barb., 414.) If the property omitted was the
property of the State, it was liable to taxation for local
improvements. (1 R. S., 360, § 1; *Mayor of Troy* v. *Mut.
Bk.*, 20 N. Y., 390; *Am. Tr. Co.* v. *Buffalo*, id., note; 23
Barb., 272; *In re Mayor of N. Y.*, 11 J. R., 77; *Sharp* v.
*Speir*, 4 Hill, 76; *People* v. *Mayor*, 4 N. Y., 419; *Harlem
Presb. Ch.* v. *Mayor*, 5 Hun, 443; *People* v. *Mayor*, 2 id.,
433; Laws 1869, chap. 273, § 83, p. 545; Laws 1876, chap.
419; 6 Opinions Attorney-General, 262, 268, 269; *Ex parte
Lange*, 18 Wal., 200; *Bleecker* v. *Ballou*, 3 Wend., 263;

*Ohegaray* v. *Jenkins*, 3 Sandf., 409 ; *People* v. *Roper*, 35 N. Y., 629 ; *Buffalo City Cemetery* v. *Buffalo*, 46 id., 506 ; *People* v. *Dayton*, 55 id., 378.) The assessment might have been to the occupant. (1 R. S., 389, §§ 1, 82 ; *People* v. *Cassidy*, 46 N. Y., 50.) The plaintiffs are entitled to relief in equity. (*Hopward* v. *City of Buffalo*, 14 N. Y., 534 ; *Susquehanna Bd. Suprs.* v. *Broome County*, 25 id., 312 ; *Allen* v. *City of Buffalo*, 39 id., 386 ; *Newell* v. *Wheeler*, 48 id., 491 ; *Ireland* v. *City of Rochester*, 51 Barb., 414.)

*James Breck Perkins* for the respondents. The omission of certain property from the assessment roll would not authorize the court to enjoin the collection of the assessment. (*Swift* v. *Poughkeepsie*, 37 N. Y., 511 ; *Barhydt* v. *Shepard*, 35 id., 238 ; *People* v. *Assrs. of Albany*, 4 id., 154 ; *People* v. *Assrs. of Bklyn.*, 39 id., 81.) The land exempted being land of the State, was not subject to taxation. (1 R. S., 226, § 52 ; id., 218, §§ 4–8 ; id., 360, § 4 ; 3 Edm. Stat., 155, § 6 ; Hilliard on Taxation, chap. 5, p. 141, § 4 ; *U. S.* v. *R. R. Co.*, 17 Wal., 322 ; A. & A. on Corp., § 8 ; *Collector* v. *Day*, 11 Wal., 113 ; *Rundell* v. *Lakey*, 40 N. Y., 513, 517 ; *Mayor* v. *Bk. of Tennessee*, 1 Swan., 269, 271 ; *High* v. *Shoemaker*, 22 Cal., 363 ; *People* v. *McCreery*, 34 id., 433 ; *Doyle* v. *Austin*, 47 id., 353 ; *Inhabitants of Worcester County* v. *Mayor*, 116 Mass., 193 ; *People* v. *Doe*, 36 Cal., 220 ; *Piper* v. *Singer*, 4 S. & R. [Penn.], 354 ; *Buffalo City Cemetery* v. *Buffalo*, 40 N. Y., 506 ; *Mayor* v. *Cemetery*, 7 Md., 517 ; *Coster* v. *Mayor of Albany*, 43 N. Y., 408.) Plaintiffs are not entitled to relief in equity. (*Williams* v. *School District*, 21 Pick., 75, 81 ; *Ins. Co.* v. *Yard*, 19 Penn., 331 ; *State* v. *Collector*, 4 Zab. [N. J.], 108 ; *Page* v. *St. Louis*, 20 Mo., 136 ; *Bond* v. *City of Kenosha*, 17 Wis., 284 ; *Merrill* v. *Humphrey*, 24 Mich., 170 ; *Morrison* v. *Hershire*, 32 Iowa, 271 ; *Mills* v. *Johnson*, 17 Wis., 598 ; *R. R. Co.* v. *Morris*, 7 Kan., 215 ; High on Injunctions, 203, §§ 363, 364.)

Miller, J. When this case was heard before the Commission of Appeals upon appeal from the judgment dismiss-

ing the complaint, it was decided that by the charter of the city of Rochester the common council were to determine what portion of the city was to be benefited by the ordinance to improve Oak street, and declare whether the whole or what portion of the expense incurred should be assessed within the territory which they deemed benefited, and that the direction which they gave to the assessors, as provided by the charter, imposed upon these officers the duty to make such assessment upon all the owners and occupants in proportion to the advantage which each should be deemed to acquire by the improvement. It was also decided that the assessors had no authority to reverse or modify the decision of the common council in reference to the territory which would be benefited, and it was conclusive upon them. In view of what has already been determined, it remains to be considered whether the omission by the assessors to comply with the provisions of the charter and the ordinance of the common council, by including in their assessment, the lands which belonged to the State, under the circumstances, entitled the plaintiffs to the interposition of the power of a court of equity and to relief by enjoining the defendants. There is no contradiction of any of the material allegations in the complaint, and the pleadings concede that the ordinance was not complied with, and that the assessors omitted several hundred feet of frontage on Oak street, within the territory to be assessed, from any assessment. The proof sustains this fact, and, in addition, establishes that this property belonged to the State. We think that the action of the assessors was without authority, and that the lands belonging to the State should have been assessed, and were not entitled to exemption. This is clearly manifest from an examination of the statutes which relate to the subject, as well as the decisions in reference to questions partaking of the same general character. The Revised Statutes, chapter 13 of part 1, entitled "of the assessment and collection of taxes," comprehend a general system for the regulation of taxation in this State and the imposition and payment of taxes assessed. The first section of the

chapter cited provides that all lands and personal property within the State shall be liable to taxation, "subject to the exemptions hereinafter specified." (1 R. S., 387, § 1.) The fourth section declares what property shall be exempt from taxation, and the second subdivision enumerates among the exemptions "all lands belonging to the State or the United States." The exemption thus stated evidently relates to general county and State taxes, and has no reference to assessments for improvements made under special laws and of a local character. (*Mayor of Troy* v. *Mutual Bank*, 20 N. Y., 390; *Am. Tr. Co.* v. *The City of Buffalo*, id., note; *People* v. *The Mayor of Brooklyn*, 4 id., 419.)

A manifest distinction exists between taxes and assessments which is distinctly recognized in the decisions. And it is held that an assessment is not a tax in many of the reported cases. (*Sharp* v. *Spier*, 4 Hill, 76; *Bleecker* v. *Ballou*, 3 Wend., 263; *Matter of the Mayor of New York*, 11 Johns., 77; *People* v. *Mayor, supra*, 432.)

In *Sharp* v. *Spier* (*supra*), this distinction is thus stated by BRONSON, J.: "Our laws have made a plain distinction between *taxes*, which are burdens or charges imposed upon persons or property, to raise money for public purposes, and assessments for city and village improvements, which are not regarded as burdens, but as an equivalent or compensation for the enhanced value which the property of the person assessed has derived from the improvement." The collection and enforcement of assessments made for local improvements has never been the subject of general regulation by statute, and there is no provision which exempts the property of the State from liability for such assessments. Not being excepted by the statute law of the State, it is left for the legislature, which is vested with ample power for that purpose, to make such enactments on the subject as may be considered needful and proper. While then it may be conceded that property belonging to the State, is not the subject of taxation, in the absence of any exemption by statute, it by no means follows that it is not liable to assessments for local improvements.

The legislature clearly has the right by positive enactment to declare that such property may be assessed for local improvements, and we think it has done so in reference to the city of Rochester. The charter under which the ordinance for the improvement of Oak street was enacted (chap. 143, Ses. Laws of 1861, § 86) provides, that all sums to be raised by the common council shall be assessed upon all real and personal estate in the said city, but that no property which shall be exempt from taxation by the general laws of the State, shall be liable to be assessed for the ordinary city or county taxes, "but may be assessed and taxed for local improvements; but public squares and parks of said city which shall not be liable to be assessed for any purpose." This provision includes the lands of the State, and even if there had been any exemption by statute or otherwise, that exemption is removed by statutory enactment. It will be seen that the section of the charter cited is broad and comprehensive in its terms, and there is no ground for claiming that this provision was intended to apply only to property of churches, schools or other institutions, which this statute exempts from ordinary taxes. The statute appears to have carried out the distinction which, as already shown, is held to exist between a general tax and assessments for local improvements. Section 199 of the charter, which authorizes an action to recover an assessment, is not in conflict with the interpretation given, for although the State could not be sued as an individual, and the same remedy must be pursued as in other cases where a demand is made against the State, it does not change the character of the enactment or render it of no avail. This construction is also supported by subsequent legislation on the subject of assessments, and a similar provision will be found in the charter of the city of Auburn. (Sess. Laws of 1869, vol. 1, p. 545, § 83.) And a subsequent act (Sess. Laws of 1876, chap. 419) provides for the payment of an assessment made under the charter of that city. The reports of public officials to the legislature, also show the payment of numerous assessments of a similar character, and the Session Laws, for a series of years, down to the present time, make

provision for the same, thus giving a legislative construction to
enactments of this character. This practical construction con-
tinued for a long period of time, is entitled to great weight in
the interpretation of a statute unless the legislation and practice
is manifestly in violation of the words used, and has almost the
force of a judicial exposition. (*People* v. *Dayton*, 55 N. Y.,
398.) In *The Matter of the Mayor of New York* (*supra*),
it was held that churches, which were exempt from taxation
under the act of 1801, were not exempted from assessments
for local improvements. The same rule would render the
property of the State liable for such assessments. As these
are considered under the decisions as benefits to the property
assessed, increasing its value, and not as a tax, no valid reason
exists why the State, any more than individuals, should
be exempted from paying for the advantages conferred.
A different rule would compel individual lot owners to
pay assessments levied for improvements which were a
benefit to the State lands without any adequate advantage,
and in many instances impose a burden which would be
extremely onerous and produce great injustice. This could
not have been intended. Although the State cannot be
made a party to an action to enforce such a claim and
be sued in its sovereign capacity it may be assumed that
the State will provide means for the liquidation of assess-
ments imposed by virtue of laws enacted by its legisla-
ture, and that as has been frequently done· heretofore,
appropriations will be made for that purpose. As we have
seen, the State has practically recognized its liability to
municipal corporations for assessments imposed, and those
who are to be benefited by the assessments of its lands have,
at least, a right to the advantage which may be derived from
the probable and perhaps certain payment of the same. We
have been referred to some authorities bearing upon the
subject of the liability of the State for assessments for its
lands, but none of them, we think, conflict with the prin-
ciple that the State, through its legislative power, may
authorize its lands to be assessed for local improvements.

The assessments being made in violation of law, it remains to examine some other objections urged by the defendant's counsel.

It is said that the duties of the assessors are of a judicial nature, and that their determination canot be reviewed. This is true to a limited extent in regard to some of the powers conferred upon them; and they act thus in reference to the amount to be assessed against each owner and occupant, for this is for the assessors to determine; but it is otherwise as to the exclusion of territory which is covered by the ordinance; and when these . officers fail to follow the obvious requirements of the statute, the rule stated has no application.    The court so held in the former appeal, and that decision is conclusive on this point.    The last remark will also apply to the position taken, that their decision cannot be reviewed collaterally.    The cases which sustain a contrary doctrine are not in point where assessors have not followed the statutes under which they are acting.    And the decisions are numerous which bring this case directly within recognized principles of equity jurisprudence.    It has long been held, and is a well-settled rule, that a court of equity will entertain an action where it is necessary to prevent a multiplicity of suits, or irreparable injury, or where the assessment, on the face of the proceedings which impose it, is a valid lien on land, and extrinsic evidence is requisite to show its invalidity.    (*Heywood* v. *The City of Buffalo*, 14 N. Y., 534; *Scott* v. *Onderdonk*, id., 9; *Allen* v. *The City of Buffalo*, 39 id., 386; *Newell* v. *Wheeler*, 48 id., 486.)    The principles laid down in the cases last cited are applicable here.

It is also urged that the collection of a tax will not be restrained for the erroneous omission of some piece of property.    Cases are cited which hold that a single omission is not enough; but these are decisions of the courts of other States, which are not analogous, and it does not appear in any of them that the assessments held to be valid were made in direct conflict with a statutory enactment, which is the fact here.    As was held in one of the cases cited by the

respondent's counsel, where there was a flagrant miscon-
struction of the law affecting every taxable inhabitant it was
different, and the omission vitiated the whole tax. (*State* v.
*Collector*, 4 Zab., 121.) We are not authorized to assume that
the taxes of the plaintiffs will be only increased to an amount
so trifling that the court should not interfere, as it does not
appear that such is the fact. The presumption is that it
might make difference sufficient to justify the interference of
the court, and hence the objection can have no real weight.
Nor is this a case where the plaintiffs were bound to offer to
pay their proportion of the assessment.

The absence of direct proof on the trial that the property
omitted was benefited is not, we think, material. From its
location it would seem to follow that in proportion it received
the same amount of benefit as the other lands assessed.
Besides, the ordinance of the common council provides that
the expenses shall be paid by owners and occupants of lands
to be benefited by the improvement, directs the sum which
shall be assessed and states the portion of the city which they
deem will be benefited. The common council thus adjudged
that the lands omitted were benefited in accordance with sec-
tion 192 of the charter, which, as was held on the former appeal,
bound the assessors to assume that every part thereof derived
some benefit and advantage, and on that assumption should be
assessed.

The confirmation by the common council of the assessment
in question after notice under the provisions of the charter,
does not, we think, preclude the plaintiffs from the benefit of
the equitable relief demanded. The provisions of the char-
ter which relate to the confirmation of assessments (S. L.
of 1861, 332, §§ 197, 198, 199) vest no authority in
that body to confirm an assessment made in violation of
an ordinance and where it is plainly apparent that the
assessors have disregarded the same. Such a proceeding
of the assessors is unavailing because they exceeded their
powers, and its confirmation cannot infuse into it any element
of strength and vitality or remedy the difficulty. It must

fail because it is inherently defective, nor have the common council the power to enact or alter an ordinance of this kind without pursuing the preliminary steps which the charter requires for such a purpose. While they may enlarge the territory to be assessed in accordance with section 205, there is no authority to circumscribe the same, and when they undertake to do this they fail to conform to the statute and act in violation of its plain import. They cannot increase the amount to be assessed after proceedings have been commenced without notice, and surely they cannot do so by limiting the territory upon which the assessment is to be levied. As the assessors did not comply with the law and exceeded their authority, and the common council proceeded to confirm an assessment made in violation of the ordinance and without any legal right, there was an excess of power which is fatal to the assessment. The defect in the proceedings was more than an irregularity, and was not obviated by the confirmation of a void proceeding. When the statute makes the confirmation conclusive it has reference to a valid proceeding which is sanctioned by law and is within the jurisdiction of the assessors.

No other question requires examination, and as it is established that the court erred in dismissing the complaint the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except ANDREWS and EARL, JJ., not voting.

Judgment reversed.