WILLIAM SCHWIER, AN INFANT, BY FERDINAND SCHWIER, HIS GUARDIAN, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Action for injuries — what not proof of negligence.*

This action was brought to recover damages for an injury alleged to have been sustained by plaintiff by reason of defendant's negligence. An engineer was backing his engine northerly across one of the streets in Schenectady, at the rate of two miles an hour, to take in water. The plaintiff, a boy under four years of age, ran easterly on the south side of the street towards the engine, approached near to it, turned northerly, ran alongside of and beyond it, then turned across the track in front of it, was struck by it and injured.

*Held,* that no negligence on the part of the defendant was shown.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for an injury sustained by the plaintiff, a boy under four years of age, in consequence of being run over by one of defendant's engines.

*S. W. Jackson*, for the appellant.

*E. W. Paige*, for the respondent.

BOCKES, J.:

The claim that there was such contributory negligence chargeable to the plaintiff as must bar the action cannot be sustained. The plaintiff was a child less than four years of age; therefore, not responsible for personal negligence; and it seems that he escaped from his mother under such circumstances as must relieve the case from any just claim that the injury resulted from any omission of proper care of the child on her part. The question on the merits is, whether, on the established facts of the case, negligence on the part of the defendant's servants can fairly be asserted and maintained.

The injury occurred in the city of Schenectady, at the street crossing on Front street. The track there crossed the street very nearly at right angles. The engineer was backing the engine northerly, for the purpose of taking in water, and was moving it slowly, at the rate of only about two miles an hour. The child came running from the west, on the south line of the street; approached very near the moving engine; then turned north along the side of it, still running; outstripped it in a race of fifty or sixty feet, then turned across the track in front of it, when he was struck by it, knocked down, and seriously injured.

In the first place, there can be no pretense that the engineer who had the engine in charge acted willfully or with recklessness. Then in what particular was he negligent of duty? He was running the engine very slowly; not faster than an ordinary walk. In this respect there can be no complaint. But it is said he saw the boy, or ought to have seen him, approaching from the west. Let this be admitted, and can negligence be predicated on his conduct in that regard? Suppose he saw the child first running toward the engine, should he have stopped it in order to deter-

mine the intentions of the child? He would have had a right to suppose that the child would stop on reaching the side of the track while the engine was passing. This would be but a reasonable supposition, as it would be in accordance with common occurrence. The engineer was not, therefore, negligent in not stopping the engine at this time. Then the child ran along at the side of the moving engine; and now suppose the engineer saw him thus running, should he then have stopped the engine? Could he reasonably suppose that the boy would spring across ahead of the moving engine, even if he should outrun it? The fair supposition of a man of common prudence would be that the child would himself stop, or continue along, as he was, running at the side of the track; not that he would spring in before the moving machine. If engineers must stop the engine when they observe a child coming toward the engine laterally, or when a child runs by its side, they will get through cities and villages but slowly indeed. The engineer could not have reasonably apprehended danger to the child on the supposition that it would spring in before the engine, although it was observed running by the side of the track. The case of *Bulger* v. *The Albany Railway* (42 N. Y., 459), is an authority favorable to the defendant. It appears quite plain, from the evidence, that the engineer was diligent in his efforts to stop the engine as soon as he observed that the child had precipitated itself into danger. We are of the opinion that the evidence submitted was insufficient to uphold the verdict, and the learned judge should have nonsuited the plaintiff on the whole case as he was requested to do.

Judgment and order appealed from should be reversed; new trial ordered; costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed; new trial ordered; costs to abide event.