Lawrence, J.
There is one ground on which the motion to confirm the report of the commissioners in this case should, I think, he denied. The lands belonging to the ¡New York and Harlem Railroad Company and to the Spuyten Duyvil Railroad Company, which are embraced within the area of assessment, have been wholly omitted from the assessment. There is nothing in the report or in the proceedings of the commissioners which shows why these lands were omitted from the assessment. In the absence at least of some explanation as to the reasons of the commissioners for omitting to assess these lands, it seems to have been an error in principle to omit them. It has frequently been determined in this state
*258 that such lands were liable to be assessed and taxed as real estate (People agt. The Assessors of the town of Carrolton, 52 Barb., 105 ; People agt. Dunkirk Railroad Co., 46 N. Y., 46; People agt. Commissioners of Taxes, &c., 42 N. Y., 459). And the liability of such lands to assessment for the purposes of ordinary taxation is now declared by statute (See Laws of . 1881, chap. 293).
It was held in the case of The Troy and Lansingburgh Railroad agt. Kane (9 Hun, 506), that where, under the provisions of a city charter, the expense of making certain local improvements was authorized to be assessed upon the property benefited, the expense of constructing the sewer in one -of the streets of the city might be assessed upon the tracks, sleepers and rails of a railway company (See, also, People ex rel. The Dunkirk, &c., R. R. Co. agt. The City of Dunkirk, 20 Weekly Digest, 230).
And as to in the case of Hassan agt. The City of Rochester (67 N. Y., 528), where, by the terms of a city charter, lands ■exempt from taxation by the general laws of the state, were authorized to be assessed for the expenses of local improvements, and where lands belonging to the state within the prescribed limits of the assessment were entirely omitted by the .assessors, it was held that the assessors erred, and that the collection of the assessment would be restrained for such error. It was also held in that case that in the absence of proof it would not be assumed that the plaintiff’s taxes would only be increased to an amount so trifling that the court would not "interfere, but that the presumption was the other way. This case seems to me to be strongly in point in the case now under consideration. We cannot, assume in this case that the assessment of the parties resisting the confirmation of this report will only be slightly increased by the omission to assess the lands owned by the railroad company. It is also strongly in point as showing, in the absence of proof to the contrary, that "the omissions to include those lands in the assessment was an •error in principle on the part of the commissioners. The *259 questions involved in this case appear to have been frequently discussed in the courts of-’other states. In the "case of the Peru and Indianapolis Railroad Company agt. Hanna (68 Ind., 563), it was held that the track of a railroad company which borders on a street is properly assessable for its due proportion of the cost of the improvement of such street under an ordinance of the city. In the case of the City of Chicago agt. Baer (41 Ill., 306), it was held that a street railway company occupying a portion of the street with their track, and in the use thereof, under a charter and under a contra ct with the city authorities, have a franchise and a right of occupancy, which is a property of a character to be substantially benefited by the paving of such street, and that, in proportion as it is thus benefited, it should contribute its share to the cost of the improvement in common with the other property upon the street.
In the case of the City of New Haven agt. Fair Haven and Westfield Railroad Company (38 Conn., 422), it was held that the rails, sleepers, ties and spikes of a horse railroad company so laid into and attached to the soil of the street as to become a part of the realty were real estate, and as such liable to assessment for the expenses of paving the street through which they were laid (See page 431, and cases cited). From these cases it will be seen that the lands of a railway company are prima facie liable to be assessed for the costs of local improvements. The presumption is, I think, that they are benefited in common with all other lands within the area of assessment by such improvement (See Hassan agt. City of Rochester, 61 N. Y., 529). The presumption also is that by omitting such lands from the assessment the burden of other parties is substantially increased (Hassan agt. City of Rochester, supra). If, as the lands were prima facie liable to be assessed, there was any reason for not making such assessment, such reason should have been stated in the report.
I am well aware of the decisions in this state as to the force and effect of the reports of commissioners in cases of this *260 description, and that for a mere error in valuation such reports will not be disturbed. But it has been frequently held that if an error in principle appears in the report of such commissioners the report will not be confirmed (Matter of Furman Street, 17 Wend., 663, remarles of Bronson, J., pp. 663, 664; Matter of Central Park Extension, 16 Abb., 56; Matter of Comrs. of Cental Park, 51 Barb., 277, and cases cited).
In the Matter of Furman Street (supra), Bronson, J., says: “Hot only the corporation, but the individuals who may be affected, are entitled to a full and explicit statement of the grounds on which the commissioners proceed. This course is necessary to protect parties in the enjoyment of their rights and to afford them ample means for seeking redress when they think themselves injured. * * * It is the more important that the commissioners should state explicitly the' grounds on which they proceed from the consideration that the reviews on appeal can, for the most part, extend only to errors in principle.”
In the absence of the explanation it is apparent, I think, that an error in principle has been committed in this case. Even if it be true, as contended by the learned counsel to the corporation, that under the statute the commissioners have a discretion in determining what lands are benefited by the improvement, it should be shown, I think, by their report and proceedings, why they have omitted any particular lands embraced within the area of assessment from such assessment.
To illustrate: If there were within the area of assessment two adjacent pieces of land of equal dimensions belonging to individuals, and the commissioners should assess one piece for "benefit, omitting the other from assessment entirely, the court would be obliged to say, I think, that the commissioners had •erred in so doing, unless some explanations were given for the omission. Should any other rule be applied to this case because the omitted lands are used for railway purposes ? I think not. Suppose that all the lands embraced within the ■ area of assessment were used for railway purposes, would *261 the commissioners be authorized to report that no assessment whatever for benefit could be imposed solely in consequence of such use ? And if such report were made without explanation, would the court, on a mere presumption that no benefit would be derived from the improvement, be obliged to sustain such report? Clearly not. It may well be that, in consequence of the nature of the use of the lands, the resulting benefit from the improvement may be less than in the case of lands belonging to a private citizen. But that fact should be made explicitly to appear (See Matter of Furman Street, supra).
The decision of justice Potter in December, 1882, In the Matter of the Spuyten Duyvil Parkway, is not in point, for the reason that the lands of the railroad company in that case were not within but without the area of assessment (See memorandum of corporation counsel in this case).
The motion to confirm the report of the commissioners will, therefore, be denied.