(34 Misc. Rep. 724.)

In re GRANT AVE.

(Supreme Court, Special Term, New York County. May, 1901.)

1. OPENING STREET—BENEFITS.

On the opening of an avenue a strip of land 10 feet by 4 was left in front of an owner formerly abutting on a street to which the city had no title, and which was not a continuous thoroughfare. Over such strip of land the abutting owner had the same easements as the public. The commissioners of estimate and assessment awarded him damages for change of grade. *Held*, that in assessing it for benefits they could consider the benefit derived by the property from fronting on an avenue which is a continuous thoroughfare.

2. SAME—DAMAGES—PROCEDURE.

Where power to estimate damages on the closing of streets authorized to be given commissioners of estimate and assessment by Laws 1895, c. 1006, § 7, has not been conferred upon them, the owner must obtain damages by proceeding as otherwise provided by the said act.

3. SAME—REPORT OF COMMISSIONERS.

The report of commissioners of estimate and assessment on the opening of a proposed avenue will be sent back where the excess of the cost of the land taken and of the land damages has been unequally assessed on other blocks fronting on the proposed avenue and within the area to be assessed.

Objections to the report of commissioners of estimate and assessments in the matter of Grant avenue from East 161st street to 170th street in the Twenty-Third ward. Objections sustained.

John C. Shaw, for Astor estate.

Mr. Deering, for Archibald Rogers.

McCarty & Baldwin, for Thomas O'Rourke.

John Whalen, Corp. Counsel, and John P. Dunn, for confirmation of report.

LAWRENCE, J. Objections are made to the confirmation of the report of the commissioners of estimate and assessment in this proceeding on behalf of Thomas O'Rourke, Archibald Rogers, and the trustees for John Jacob Astor. Messrs. McCarty & Baldwin, representing Thomas O'Rourke, claim that he is unjustly assessed as the owner of the property designated as "No. 128" on the benefit map, for the reason that an irregular strip of land is left lying between the easterly side of said property and the westerly side of Grant avenue as proposed to be opened, said strip measuring about 10 feet on its northerly and 4 feet on its southerly side. This property formerly abutted on a street the fee to which had not been acquired by the city, and had the ordinary street easements, as counsel state. It is, therefore, contended that gross error has been committed in estimating the benefit to this property. It appears, however, that on the damage side this parcel has been awarded damages in the sum of $900 for change of grade, and it is claimed by the corporation counsel that damages for which a specific award has been made cannot be used as an argument to reduce the assessment for benefit due to the fact that the parcel will form, in connection with the strip, lots fronting on the avenue. The objector

admits that he has the same street easements as before over the intervening strip, the only objection being that the public easement is abandoned; and I agree with the counsel for the city that he is entitled to have any further damages which he may sustain by reason of the closing of the old avenue determined in a proceeding under chapter 1006 of the Laws of 1895, entitled "An act to provide for discontinuing and closing of streets, avenues, roads," etc. The power to estimate such damages could, under section 14 of that act, have been conferred on the commissioners in this proceeding, but, as such power has not been so conferred, the rights of the objector are not affected. The commissioners in this proceeding were not precluded from assessing upon the objector's property such benefits as they might determine he had equitably received from the opening of the new avenue; and the point made by the corporation counsel that he had substantially benefited by reason of the cul-de-sac on which his property formerly fronted being turned into a continuous thoroughfare, I think, should be sustained.

It is argued by Mr. Shaw, of counsel for the Astor estate, and by Mr. Deering, of counsel for Archibald Rogers, that the assessment and awards have not been fairly and equitably apportioned among all the owners of property deemed to be benefited or affected by the opening of Grant avenue. In this view I feel compelled to acquiesce after examining the testimony and the tabulated statements which have been presented by counsel, showing the assessments and awards made by the commissioners. It is conceded that the commissioners have made, in addition to the awards for damages for the land taken, awards for change of grade, and for damages caused by the intended regulating and grading of the avenue on property adjacent to the avenue. It is contended by the counsel for the trustees of Mr. Astor that these damages should have been assessed upon the blocks where the changes of grade are made, and should not have been distributed over the whole line of the avenue, thereby greatly increasing the assessments upon the property north of 165th street, the change of grade damages being limited to the blocks between 161st and 165th streets. An examination of the schedule presented by counsel, which, upon comparison with the report of the commissioners, seems to be correct, shows that on the block between 160th and 161st streets land damages amounting to $8,270 are awarded by the commissioners, and that the total assessment on the block between 161st and 162d streets, on either side of the improvement to the extreme limit of the area of assessment, is only $5,735.26, or nearly $3,000 less than the damages to the land. It also appears that there has been awarded by the commissioners, as damages caused by the change of grade to property adjoining the street, the further sum of $3,776.64, the total of these two awards amounting to $12,496.64, or very nearly $7,000 more than the amount of the assessment between 161st and 162d streets east and west of the improvement; and that this excess of $7,000 has been assessed on other property along the line between 165th and 170th streets. It also appears that all the blocks between 161st and 165th streets are assessed for a great deal less money than

the total amount of the awards to the extent of $18,631.80, and this excess has been necessarily assessed upon the property between 165th and 170th streets. It is further shown that the commissioners' award on the block between 162d and 163d streets for land damages is $9,660, and that the amount assessed on either side of the improvement on these blocks is $5,911.63. The commissioners' award for land damage on the block between 163d and 164th streets is $12,182, and the total amount of the assessment is $10,403.14. It appears that there were no damages for change of grade on these two blocks of the street. The total amount of land damages on the block between 161st and 162d streets was $9,660. The commissioners assessed east and west of the improvement $5,913, or about 62½ per cent. On the block between 163d and 164th streets they assessed about 82½ per cent. on either side of the improvement. On the block between 169th and 170th streets the land damages amounted to $15,902.76, and the commissioners have assessed, on the blocks on either side of the improvement to the outer edges of the area of the assessment, the sum of $23,451.77, or nearly $8,000 more than the actual cost of acquiring title to the land on this block. The difference in the amount of the awards on these blocks, of course, is due largely to the sizes of the blocks, and the greater amount of land taken; but I think that counsel is right in contending that no greater amount should have been assessed on the property on the block between 169th and 170th streets than was assessed upon the blocks between 161st and 165th streets in proportion to the cost. At the rate of assessment that the commissioners adopted between 162d and 163d streets, or 60 per cent. of it, all that would have been assessed upon this block would have been $9,500. Instead of that, there is an assessment of $23,451. The property between 165th and 169th streets is awarded $45,251, and the total assessment on the property on either side of the improvement is $55,251, or $10,000 more than the actual cost of the improvement. It appears that the damages for change of grade on the two blocks between 161st and 162d streets, and 164th and 165th streets amount to $13,808; and I agree with the counsel for the objectors that if, upon any theory, it was proper to distribute this assessment along the whole line of the improvement, the proportion of these damages for change of grade on the block between 169th and 170th streets would have been $3,026.80, and that the whole assessment upon the Astor estate would have amounted to only $18,929.56, in place of $23,451, the amount in which it has been actually assessed. I also agree with the counsel for the objectors Rogers and Astor that the commissioners have relieved the property owners between 161st and 165th streets at the expense of the property owners between 165th and 170th streets; and, while I am not prepared to concede that in every case it is the duty of the commissioners to assess upon the property fronting upon each block the cost of the land taken for the street in front of that block, it seems to me that there has been such an unjust discrimination in the distribution of the cost of taking the land, and for the land damages involved, as shows that

the commissioners have acted on erroneous principles, and that the report should be sent back to the commissioners for revision and correction.

Ordered accordingly.