(38 Misc. Rep. 600.)

## In re CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. September, 1902.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS.

Under the charter of the city of New York (Laws 1897, c. 378, § 995), providing that its lands may be assessed for benefits because of public improvements in the same manner as those of other owners, where no part of an assessment for a street opening is assessable on the city at large, an assessment on park lands of the city which do not abut on the street to be improved, and are only indirectly benefited—an assessment according to their area much more proportionately than that levied on lands which by the improvements have acquired greater value—is invalid.

In the matter of the application of the city of New York relative to the opening of West 259th street. Objections to the report of the commissioners of estimate and assessment sustained in part, and report sent back for revision.

George L. Rives, Corp. Counsel (John P. Dunn, of counsel), for city. John C. Shaw, for objector Forster.

STECKLER, J. There are two objectors to the report of the commissioners in this proceeding for the opening of West 259th street: (1) The city, being the owner of Van Cortlandt Park; and (2) Frederick P. Forster, the owner of damage No. 55. The street was opened between Broadway and Riverdale avenue. Between Broadway and Huxley avenue there was a solid opening, and west of the latter avenue the improvement consisted of a widening on either side of Rock street.

1. In their preliminary report, the commissioners limited the area of assessment within the park boundaries to that portion of the park fronting directly on Broadway, and to a depth of 100 feet within said boundaries. The final report increased this area 200 feet farther east, making an area of 300 feet of the park land, parallel to Broadway, assessed for benefit, and thus increasing the assessment upon the city property from $5,005.26 to $7,572.95. The city objects that the assessment is excessive, and out of proportion to the other assessments for benefit. The lands of the city of New York are subject to assessment for benefit in the same manner as the lands of other owners and proprietors (Greater New York Charter, original and revised, section 995), the assessment being levied, not directly, but in gross. No part of the park fronts on the improvement. It could only be assessed for benefit, not because it derived new or increased easements

of light, air, and access by reason of the acquisition of title to the street, but by reason of such indirect benefit as would come to it from the fact that the street was opened in its proximity. Presumptively, it could not be assessed for benefit to a greater degree than other property in the vicinity similarly situated; and the commissioners might perhaps, in their discretion, have assessed the park lands less in proportion than property unrestricted in its use and title. In re Degraw St., 18 Wend. 568; In re Mayor, etc., of City of New York, 11 Johns. 77; People v. City of Syracuse, 63 N. Y. 291. An examination of the record shows that property opposite the park, and on the west side of Broadway, exclusive of that which derives a new frontage on West 259th street, is assessed at an average of about $13 a city lot, while the park land is assessed at an average of $40 a city lot. A comparison of the area of assessment over the park property, 300 feet in width from south to north, with a similar area of assessment on the west side of the improvement, shows that the westerly area is assessed at the rate of about $7 a city lot, as against $40 a city lot for the park property. In their preliminary estimate the commissioners assessed the park land at the rate of $85 a city lot, and they assessed the lots on Rock street, which was widened 10 feet on either side, so as to make the new street between Huxley and Riverdale avenues, at the same figures. In other words, they assessed the park, which is only indirectly benefited, to the same degree as they assessed the Rock street property, which is directly benefited by obtaining easements of light, air, and access over 10 feet of additional land, and a new street leading directly to Broadway. In their final report, as before stated, the commissioners increased the easterly area of assessment over 200 feet farther, thus increasing the assessment on the park property from $5,005.26 to $7,572.95; and half of the additional assessment they applied in reduction of the assessment against the solid opening between Broadway and Huxley avenue, and the remaining half in proportionate reduction of the assessments upon the Rock street frontage. As the proper authorities determined that no proportion of the cost and expense of the proceeding should be assessed against the city at large, but that all the expense should be assessed on the property benefited within the area of assessment, a consideration of the facts above stated leads irresistibly to the conclusion that the assessment upon the park property is excessive, and out of proportion to the other assessments for benefit, for which reasons the city's objections must be sustained.

2. The objection of the property owner, Frederick P. Forster, is that the assessment upon his property is inequitable. This objector owned the property between Broadway and Huxley avenue, and through that land the new street was laid so as to connect with Rock street, as widened, on the west. Mr. Forster was awarded for damages $10,208.38, and assessed for benefit in the sum of $12,278.65, and it is contended that the amount of the award, together with that proportion of the costs of the proceeding which the award bears to the aggregate award for the entire improvement, was assessed on his property to the depth of 100 feet on each side of the new street. While it is a fair rule in these proceedings to make each block pay

for the land taken for such block (In re Rogers Ave. [Sup.] 22 N. Y. Supp. 27), that rule is not an inflexible one. Moreover, this proceeding is distinguished from In re Grant Ave., 34 Misc. Rep. 724, 70 N. Y. Supp. 1045, and In re Townsend Ave., 35 Misc. Rep. 65, 71 N. Y. Supp. 201, for those were cases where the conditions existing between the various streets or avenues were similar, while in this matter there was a solid opening through Mr. Forster's property, and the rest of the improvement consisted merely in the widening of Rock street. And the commissioners have found that the objector's land was actually benefited not less than to the extent of a full one-third of the entire cost of the proceedings, including awards and expenses, and has trebled in value as a result of the improvement,— findings which seem to be amply sustained by the record. It is true that section 992 of the charter provides that the owners of all the land in an entire block may, without compensation and at their own expense, convey title to the city, and thus escape the payment of assessments. But the objector did not cede the land to the city, and, having taken the risk of the condemnation proceedings, the court does not, in view of the express finding of the commissioners as to the benefit conferred by the improvement on his property, feel warranted in disturbing the commissioners' decision. Report sent back for revision and correction of the assessment against the city.

Report sent back for revision and correction.